In the Matter of INTERNATIONAL MILLING COMPANY, Respondent.

JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Appellant.

(Argued March 30, 1932; decided April 26, 1932.)

*Warren C. Fielding, Arthur Ofner, Joseph F. Hunter* and *Carl J. Austrian* for appellant. The petitioner became a creditor by accepting an unconditional credit. (Neg. Inst. Law, § 350-l, subd. 3; *Hecker-Jones-Jewell Milling Co.* v. *Cosmopolitan Trust Co.*, 242 Mass. 181; *Union Nat. Bank* v. *Citizens Nat. Bank*, 153 Ind. 44.) The petitioner is remitted to the rights of a preferred creditor. (*Cunningham* v. *Brown*, 265 U. S. 1; *Matter of Cavin* v. *Gleason*, 105 N. Y. 256; *Matter of Hicks*, 170

N. Y. 195; *Madison Trust Co.* v. *Carnegie Trust Co.*, 215 N. Y. 475; *Whiting* v. *Hudson Trust Co.*, 234 N. Y. 394; *Fur & Wool Trading Co.* v. *Fox, Inc.*, 245 N. Y. 215; *Matter of Egan*, 258 N. Y. 334; *Matter of Bond* v. *Broderick*, 232 App. Div. 468.) The order cannot be sustained as a reclamation order, because the supposed proceeding in which it was made did not conform to the requirements of sections 71 and 76 of the Banking Law. (*Van Tuyl* v. *New York Real Estate Security Co.*, 153 App. Div. 409; 207 N. Y. 691; *Stater* v. *Oriental Mills*, 18 R. I. 352; *Empire State Surety Co.* v. *Carroll*, 194 Fed. Rep. 593; *Cunningham* v. *Brown*, 265 U. S. 1; *Merchants S. & G. Co.* v. *Board of Trade of Chicago*, 201 Fed. Rep. 20; *People ex rel. Stearns* v. *Marr*, 181 N. Y. 463; *Matter of Lennan*, 166 U. S. 548; *Heinze* v. *Butte & B. Consol. Min. Co.*, 129 Fed. Rep. 274; *Simon* v. *Aldine Publishing Co.*, 12 N. Y. Civ. Prac. 290; *Matter of Westminster Realty Corp.*, 123 App. Div. 797; *Schreiber* v. *Garden*, 152 App. Div. 817; *Child* v. *Washed Sand & Gravel Co.*, 181 Minn. 559; *N. Y. C. R. R. Co.* v. *Conlin Bus Lines, Inc.*, 258 Mass. 498; *Wasserman* v. *Wasserman*, 223 App. Div. 773; *Matter of White*, 119 App. Div. 140; *Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280.)

*W. Randolph Montgomery* for respondent. The relation between the bank and the respondent was that of bailor and bailee. (*Matter of Bank of Cuba*, 198 App. Div. 733; *People* v. *Bank of Dansville*, 39 Hun, 187; *Washington L. & B. Co.* v. *Fourth Nat. Bank*, 38 Fed. Rep. [2d] 772.) Section 350-l of the Negotiable Instruments Law cannot change the relationship of the parties or the terms of their contract. (*Matter of Buchanan*, 184 App. Div. 237; *People ex rel. Simpson* v. *Wells*, 181 N. Y. 252.) The relationship between the respondent and the bank from that of bailor and bailee, or trustee and beneficiary, to that of debtor and creditor was not changed by the issuance of a cashier's check. (*Central Trust Co.* v. *Bank of Mullens*, 150 S. E. Rep. 137; *People* v. *Bank*

*of Dansville,* 39 Hun, 187.) The court had jurisdiction to enter a summary order directing the payment to the claimant of the fund in question. (*Lafayette Trust Co.* v. *Beggs,* 213 N. Y. 280; *Isaac* v. *Marcus,* 258 N. Y. 257; *Yokohama Specie Bank, Ltd.,* v. *Chinese Merchants Bank,* 219 App. Div. 256; *Matter of Union Bank,* 147 App. Div. 593; 204 N. Y. 313; *New York & Western Union Tel. Co.* v. *Jewitt,* 115 N. Y. 166; *People* v. *Bank of Dansville,* 39 Hun, 187; *Matter of Bank of Cuba,* 198 App. Div. 733.)

HUBBS, J. Petitioner drew a sight draft on the Liberty Baking Corporation for $1,372.50 payable to the order of The Bank of United States and forwarded it to the payee for collection. Attached to the draft was a paster which read as follows:

" To the Collecting Bank: This draft is not to be treated as a deposit. The funds obtained through its collection are to be delivered to the International Milling Company and are not to be commingled with other funds of the collecting bank.

" INTERNATIONAL MILLING COMPANY."

The draft was received by the payee on December 3d, 1930, and paid by the drawee on December 9th. The payee deducted a collection fee and mailed to the petitioner its cashier's check for the balance. On December 11th the Superintendent of Banks, acting pursuant to section 57 of the Banking Law (Cons. Laws, ch. 2), took possession of The Bank of United States for the purpose of liquidation. The check issued by the bank was subsequently presented for payment and payment being refused was duly protested. The petitioner thereupon moved at Special Term for a summary order directing the Superintendent of Banks to pay over the proceeds of the draft in question, which order was granted and unanimously affirmed by the Appellate Division.

The serious question presented upon this appeal is whether the appellant holds the fund derived from the

payment of the draft as bailee or debtor, and, as bearing upon that question, whether petitioner, by receiving and presenting for payment the cashier's check accepted an unconditional credit and thus became a preferred creditor and ceased to have the rights of a bailor.

Primarily, the bank was petitioner's agent and received the proceeds of the draft as bailee. If the identical fund, segregated and denominated as petitioner's property, had passed into the hands of the receiver, there could be no doubt of the receiver's duty to turn over such fund to petitioner. Under what conditions and by what process does the nature of the relationship change? In considering that question we must consider the intention of the parties, as evidenced by the contract, in this instance clear, unequivocal and designed to prevent any possible occurrence of a situation liable to the construction contended for by the appellant. The contract is that the proceeds of the collection shall not be commingled with the other funds of the bank, but delivered to petitioner.

The fact that previous drafts had been collected by the bank and remitted for in the same manner has very little weight as it does not appear that they were collected pursuant to the same form of contract here involved. This contract calls, not for remittance, but for delivery of the proceeds. The means of delivery was left to the bank and the circumstance that it attempted to deliver by the same method adopted previously did not bind the petitioner or fulfill its contract as delivery of the identical fund or its equivalent was not accomplished. The contemplated delivery was never made because of the intervention of the receivership. To say that by crediting the proceeds to petitioner's account on the books of the bank and commingling the proceeds of the collection with the general funds of the bank changed the relation between the parties from that of bailor and bailee to that of creditor and debtor would be to give effect to

a positive breach by the bank of its contract and to make binding upon the petitioner acts which it specifically contracted against but over which it had no control.

There is lack of uniformity in the authorities in regard to the relationship which arises between a drawer and a payee bank which has received the proceeds of a collection. Under ordinary circumstances, the view generally adopted is that after the collection has actually been made by the bank the relation of debtor and creditor arises. (*Hecker-Jones-Jewell Milling Co.* v. *Cosmopolitan Trust Co.*, 242 Mass. 181; 24 A. L. R. 1148, and note.)

The question has been before the courts of this State in *Arnot* v. *Bingham* (55 Hun, 553); *Frank* v. *Bingham* (58 Hun, 580); *People* v. *Merchants' Bank* (92 Hun, 159). In the first and last cases cited it was held that the owner of the security was entitled to recover of the receiver the proceeds to the extent that money actually came into the hands of the receiver which could be applied to the claim of the drawer or owner of the security, and in the second case cited, which arose out of the same receivership as the first case cited, a contrary rule was stated.

In *Matter of Bank of Cuba* (198 App. Div. 733) it was decided that the money remained the property of the owner of the draft although merged with the funds of the bank, and in *People* v. *Bank of Dansville* (39 Hun, 187) the same rule was followed.

In this case it is alleged in the affidavit in support of the motion that the appellant took possession of all property and funds in the possession of The Bank of United States, " including the proceeds of said collection hereinbefore referred to." The answering affidavit on behalf of the appellant does not deny possession of the proceeds but specifically admits that the collection was made.

" The mere mingling of funds which are to be devoted to a specific purpose with other funds of the depositary does not destroy the right of the true owners to claim

such specific funds." (*Brown* v. *Spohr*, 180 N. Y. 201, 212; *Van Alen* v. *American Nat. Bank*, 52 N. Y. 1; *Central Nat. Bank* v. *Connecticut Ins. Co.*, 104 U. S. 54.)

The bank did not acquire title to the fund in question when the draft was paid by the drawee, and could not acquire title thereto by commingling such fund with its general funds. The Superintendent of Banks, when he took over the bank for the purpose of liquidation, acquired no greater interest in the fund than the bank possessed.

It is urged that the order should be reversed on the merits because of an outstanding negotiable instrument. That objection, if it had been raised at Special Term, could have been obviated by a direction in the order that payment should only be made upon delivery of the cashier's check and being raised for the first time upon appeal to this court is not of sufficient importance to require a modification of the order.

Petitioner did not accept an unconditional credit and thereby become a general creditor. In receiving and presenting the cashier's check, petitioner did nothing more than to co-operate with the bank in the attempted delivery of the proceeds of the collection. It did nothing to cause the bank to change its position and did not estop itself from insisting upon compliance with the terms of its contract. The bank had entered the credit before receipt of the cashier's check by petitioner, and presumably had at the same time commingled the proceeds of the collection with its general funds, without the consent of petitioner and contrary to the terms of its contract.

It does not appear that petitioner knew either that a credit had been made in its favor or that the funds had not been kept separate. It was entitled to rely upon compliance by the bank with the terms of the contract.

. Petitioner is not remitted to the rights of a preferred creditor within the meaning and intent of section 350-l of the Negotiable Instruments Law (Cons. Laws, ch. 38).

The pertinent portion of that section provides: " Where an agent collecting bank other than the drawee or payor shall fail or be closed for business as above, after having received in any form the proceeds of an item or items entrusted to it for collection, but without such item or items having been paid or remitted for by it either in money or by an unconditional credit given on its books or on the books of any other bank which has been requested or accepted so as to constitute such failed collecting or other bank debtor therefor, the assets of such agent collecting bank which has failed or been closed for business as above shall be impressed with a trust in favor of the owner or owners of such item or items for the amount of such proceeds and such owner or owners shall be entitled to a preferred claim upon such assets, irrespective of whether the fund representing such item or items can be traced and identified as part of such assets or has been intermingled with or converted into other assets of such failed bank."

As the bank was a bailee and not a debtor as to the fund in question, there can be no doubt as to petitioner's right, under the section quoted, to claim a preference. To hold that the section excludes petitioner from claiming the identical fund as bailor would in the event the assets should prove insufficient to meet the claims of preferred creditors amount to a confiscation of petitioner's property without due process of law. Such a construction would make the statute unconstitutional and is unnecessary because the statute contains no words evidencing an intent that it should exclude existing remedies.

Sections 71 to 76, inclusive, of the Banking Law prescribe the procedure relative to the filing of claims and specify the allegations and proof necessary to sustain an action or proceeding on a claim against the assets of the bank. Here we deal, not with the assets of the bank, but with specific property title to which never vested

in the bank. As to such property, the sections are inapplicable.

Section 67 of the Banking Law recognizes that there may come into the hands of a liquidator property not assets but as to which the bank stands as bailee and a method is prescribed for giving notice to the owners to remove such property.

No procedure is prescribed for reclamation of such property in the event of a refusal by the liquidator to deliver it upon demand. In such case the court has inherent power over the liquidator as over any other receiver, in the absence of controversy as to ownership or other legal or equitable defense, summarily to direct redelivery by the receiver. The liquidator, it is true, is in effect a statutory receiver, yet we recognize that even assets of the bank in his hands may for some purposes be regarded as " *in custodia legis.*" Whatever his power, " there still remains a field within which the court is supreme. (*Isaacs* v. *Marcus*, 258 N. Y. 257, 268, 269.)

We do not mean to say that in all cases a summary order would be proper. It might be that upon a particular application a question as to title would arise as between bailor and another claimant; or the funds in the hands of the liquidator might appear insufficient to meet the claims of petitioner and others similarly situated, when the question would arise as to whether the diligent claimant should be rewarded or the fund held for a *pro rata* distribution among several contesting claimants. What determination should be made under varying circumstances would depend upon the facts presented in each case.

The order appealed from should be affirmed, with costs.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Order affirmed.