In the Matter of the Application of AGNES L. LEMP for a Judicial Settlement of the Account of THE HARRIMAN NATIONAL BANK AND TRUST COMPANY OF THE CITY OF NEW YORK, as Trustee under a Certain Agreement of Trust Dated the 3d Day of April, 1930, and for the Appointment of a Successor Trustee. (LOUIS LEMP TRUST.)

FREDERICK V. GOESS, Receiver of THE HARRIMAN NATIONAL BANK AND TRUST COMPANY OF THE CITY OF NEW YORK, Appellant; AGNES L. LEMP and Others, Respondents.

First Department, December 13, 1935.

*Louis C. Haggerty* of counsel [*O'Brien, Boardman, Conboy, Memhard & Early,* attorneys], for the appellant.

*Miss M. Claiborne Mebel* of counsel [*Bertram L. Kraus,* attorney], for the respondent Agnes L. Lemp.

*Philip W. Lowry* of counsel, for Robert L. Redfield, special guardian.

PER CURIAM. We think the referee properly surcharged The Harriman National Bank and Trust Company of the City of New York in the various amounts stated in the report of said referee, except that the referee erroneously surcharged said bank in the sum of $268.75, the amount of the profits in connection with the purchase of bonds by the Louis Lemp Trust. The order appealed from should be modified by deducting the amount of said profits from the surcharge. It should also be modified by disallowing interest on the petitioner's claim for the period subsequent to March 3, 1933, the date of the closing of The Harriman National Bank and Trust Company.

In such cases the law requires ratable distribution. (U. S. Code, tit. 12, § 194.) No interest is allowed on any claim against an insolvent National bank until after the principal of all claims, with interest to the date of insolvency, has been paid in full. (*White* v. *Knox,* 111 U. S. 784; *Hallett* v. *Fish,* 123 Fed. 201.) If a surplus then remains, the receiver may make ratable distribution of accrued interest. (*Merrill* v. *National Bank of Jacksonville,* 173 U. S. 131; *Gamble* v. *Wimberly,* 44 F. [2d] 329.) The effect of allowing interest on the petitioner's claim for the period subsequent to March 3, 1933, is to accord her a preference as against other creditors to whom interest will not be allowed.

We are further of the opinion that the order appealed from should be modified in the matter of allowances. Under the circumstances of this case and in view of the amount saved to the trust estate,

we think an allowance of $2,000 to the referee for his fees herein is ample; that the allowance to the special guardian should be reduced to $1,000. We find no authority in law for any allowance to the attorney for the petitioner, and, therefore, disapprove of such allowance.

The order appealed from should be modified in accordance with the foregoing opinion, and as so modified the order appealed from should be affirmed, without costs.

Present — MARTIN, P. J., MERRELL, McAVOY, O'MALLEY and UNTERMYER, JJ.

Order modified in accordance with opinion, and as so modified affirmed, without costs. Settle order on notice.