In the Matter of the Petition of JESSIE HEERMANCE PRIME and Others, as Beneficiaries Respectively for Life under Certain Trusts Created by SUSIE E. HEERMANCE, Deceased, by a Trust Deed, Dated March 1, 1909, for Appointment of a Substituted Trustee in Place and Stead of WESTCHESTER TRUST COMPANY.

CENTRAL NATIONAL BANK OF YONKERS, N. Y., as Substituted Trustee, and JESSIE HEERMANCE PRIME and Others, as Life Beneficiaries, etc., Appellants; ARTHUR J. McQUADE, as Special Deputy Superintendent of Banks of the State of New York in Charge of WESTCHESTER TRUST COMPANY, in Liquidation, Respondent.

Second Department, November 6, 1936.

*Ralph Earl Prime, Jr.*, for the appellants.

*Robert W. Crawford*, for the respondent.

TAYLOR, J. The order appealed from *inter alia* provided for dismissal of objections to the account and the judicial settlement of the same as filed. The facts are not in dispute. The sole question involved is one of law, namely, whether sections 72 to 76 of the Banking Law bar the filing and litigation of said objections.

On March 1, 1909, Susie E. Heermance executed a trust deed, under which upon her death the trust property went to Jessie Heermance Prime, as trustee, during the lives of the individual appellants. About January, 1917, the Westchester Trust Company succeeded her as such trustee and received the corpus of the trust estate, consisting of cash and securities aggregating in value $31,250. The securities were guaranteed mortgages or guaranteed mortgage certificates, for which the trust company eventually received cash upon their maturity or conversion. During the seventeen years of its trusteeship, the trust company rendered no account of its proceedings. Late in 1933, when it was under control of the State Superintendent of Banks, in answer to an inquiry of the individual appellants, it disclosed only that the trust estate then consisted of certificates of participation in certain mortgages standing in the trust company's name. On January 2,

1934, the State Superintendent of Banks took over the trust company, and duly gave notice, pursuant to section 72 of the Banking Law, to all persons having claims against it to file them. On January 30, 1934, in pursuance of that notice, the individual appellants presented a claim in the form of a letter from their attorneys; this was rejected by the Superintendent's letter dated March 15, 1934. On February 6, 1934, the individual appellants filed a petition to the Supreme Court for the appointment of a substituted trustee in the place of the trust company. On February 23, 1934, an order was duly entered appointing the appellant bank; and assets as shown by the account were turned over to the successor trustee, which has since acted as such. On November 7, 1935, the account was filed, and a motion was made by the attorney for the Superintendent that it be approved judicially. Verified objections thereto were filed by the successor trustee. Thereafter, by an order entered November 14, 1935, the account and objections were referred to an official referee, " to hear and determine all of the questions and objections raised to said account, and to take and state said account and report with his findings to this Court." On November 18, 1935, the individual appellants joined in the objections. On April 29, 1936, the order appealed from was entered dismissing the objections and judicially settling the account as filed. The official referee filed a memorandum in which he held that the objections should be dismissed because " it is conceded that a claim was not filed by the substituted trustee or the beneficiaries of the trust within the time required under sections of the Banking Law, *supra.*" Subsequently, on reargument, he filed a second memorandum, in which he said: " In my original memorandum I stated that it was conceded that a claim had not been filed by the substituted trustee or beneficiaries of the trust within the time required under the pertinent sections of the Banking Law. An alleged claim had been filed with the Superintendent of Banks by the attorney for the beneficiaries in the form of a letter addressed to the Superintendent of Banks, dated January 30, 1934, and was thereafter rejected, but no action or proceeding was instituted thereon within the time prescribed in section 76 of the Banking Law."

In this second memorandum the official referee adhered to the determination announced in his first one, because " The Superintendent of Banks now claims that as no action or proceeding was instituted by the objectants within the time limited as prescribed in section 76 of the Banking Law, the objectants cannot now be heard."

Section 72 of the Banking Law is entitled, " Notice to creditors to make proof of claims," and provides that when the Superintendent shall have taken possession of a banking corporation and shall have determined to liquidate its affairs, he shall notify all persons who may have claims against it to present them to him and to make proper proof thereof within four months from the date of said notice, unless he shall specify a shorter period. Sections 73 to 75 prescribe his procedure in respect to presenting claims. Section 76 contains the following provisions:

" When the time within which the Superintendent is required to accept or reject claims has expired and at any time within six months thereafter, a claimant whose claim has been duly filed and has not been accepted by the Superintendent * * * may institute and maintain an action thereon against such corporation or banker.

" No action shall be maintained against such corporation or banker while the Superintendent is in possession of its affairs and business unless brought within the period of limitation specified in this section."

Whether the foregoing limitation applies to said filed objections is the sole question here; that is to say, when such a trustee is taken over by the Superintendent for liquidation of its affairs, and thereafter, through the Superintendent, accounts to its successor trustee and the beneficiaries of the trust for the trust property, must said successor trustee or the beneficiaries commence an action or proceeding within six months after the time within which the Superintendent is required to accept or reject claims, or, failing so to do, forfeit all claims to an accounting from such original trustee? Reason and justice dictate a negative answer. In *Matter of International M. Co. (Broderick)* (259 N. Y. 77, 84) it was held that sections 71 to 76 of the Banking Law " prescribe the procedure relative to the filing of claims and specify the allegations and proof necessary to sustain an action or proceeding on a claim *against the assets of the bank.*" (Italics mine.) Such trust funds are not *assets of the bank.* Said sections, therefore, can and must have no relation to the right of the successor trustee and beneficiaries to object to said account. In *Consolidated El. Storage Co.* v. *Atlantic Trust Co.* (161 N. Y. 605) the defendant by written agreement undertook to receive certain royalties from a licensee under a patent and to pay them to the licensor. Clearly a trust of the royalties so to be received was created. The court said (p. 613): " Its [defendant's] position was, simply, as it is now settled to be, that of a party holding a fund in trust to pay it over, upon conditions specified, to the plaintiff, or to the Brush Company, and with no right thereto of

its own, beyond the compensation to which it was entitled." In *Chester* v. *Jumel* (125 N. Y. 237, 253) it was written: "A trustee has no power as such to change or control the legal or equitable rights of the beneficiaries of a trust by his voluntary action." The Superintendent of Banks occupies a position analogous to that of a State court receiver. Manifestly he has no right to take funds held by the company in trust and convert them into assets of the company. Trust funds *are not assets of the trustee.* The respondent urges, " That any surcharge is merely a claim against the assets of the bank and only to be treated as such has been very recently determined;" and urges the ruling in *Matter of Lemp* (245 App. Div. 602). That case, however, while it involved the judicial settlement of the account of a national bank as trustee, presented no question between the receiver and the beneficiaries concerning the ownership of trust funds. The rulings of the court there related to what may and may not be charged against a national bank trustee on the settlement of its account and has no application here. In the case at bar the purpose of the objections is to require the trust company, which concededly was required to account for the trust funds in its hands when the Superintendent took it over, to render a proper account and then to turn over to its successor the corpus of the trust as it is determined to exist after the objections have been disposed of. The appellants are not attempting to reach any assets of the trust company. The securities and money constituting *the trust funds are not and have never been a part of such assets.* In the stipulation of facts it is provided that " assets of this trust shown in the account were turned over to said Central National Bank and it has ever since continued to act as trustee of said trust." The accountant erroneously contends that this is a declaration that "All of the assets of the estate were delivered to the substituted trustee." By the plain language of the Banking Law the relevant sections apply only to claims against the assets of the corporate trustee and they have been so interpreted. (*Matter of International M. Co.* [*Broderick*], *supra.*) If these sections were so read as to enable the Superintendent of Banks to seize trust funds as being the assets of the corporate trustee, they would be void as attempting to authorize the taking of property of the trust beneficiaries without due or any process of law. Such an interpretation is to be avoided if " the act may stand without conflict with the fundamental law." (McKinney's Consolidated Laws, book 1, § 86, and cases cited.) Further, that the situation presented here is not within the purview of the Banking Law, sections 72 to 76, is likewise manifest for the reason that section 72 (referring to creditors) provides for the notification of " all persons who may

have claims against such corporations." How can persons in the position of the appellants know that they have a claim until the accounting?

Since the appellants are not asserting a claim against the assets of the trust company in liquidation, but are merely exercising their undoubted right to object to the account of such trustee in respect of property not included in the trust company's assets, the order appealed from should be reversed on the law, with ten dollars costs and disbursements to the appellants jointly, payable by respondent personally, the motion denied, and the matter remitted to the official referee for appropriate proceedings under the order of his appointment.

LAZANSKY, P. J., YOUNG, HAGARTY and ADEL, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements to the appellants jointly, payable by respondent personally, motion denied, and the matter remitted to the official referee for appropriate proceedings under the order of his appointment.