In the Matter of the Liquidation of LAWYERS TITLE AND GUARANTY COMPANY.*

In the Matter of the Application of the Liquidator to Substitute Securities in Place of Cash Held for the Benefit of Certain Trust Claimants.

Supreme Court, Additional Special Term, New York County, February 2, 1937.

* See, also, 162 Misc. 122.

*Kurzman & Frank* [*Donald L. Newborg* of counsel], for the certificate holders in Series 438385, for the motion.

*Herman Berniker* [*Jess H. Rosenberg* and *Irving H. Jurow* of counsel], for the Superintendent of Insurance, as liquidator of the Lawyers Title and Guaranty Company, opposed.

*Benjamin J. Rabin* [*Raymond A. Tierney* and *Joseph L. Andrews* of counsel], for the Mortgage Commission of the State of New York, opposed.

FRANKENTHALER, J. This is a motion to compel the Superintendent of Insurance, as liquidator of Lawyers Title and Guaranty Company, to make a distribution of funds segregated by him for trust claimants or, in the alternative, for an order fixing the time within which all trust claims must be filed.

That branch of the motion which seeks immediate distribution of the segregated funds must be denied. The segregations were made from time to time because it was recognized that the funds of the title company impressed with a trust in favor of various claimants might prove inadequate to pay in full the total amount of the valid trust claims *ultimately* asserted against said funds. (See *Matter of International Milling Co.*, 259 N. Y. 77, 85.) In *Matter of Lawyers Title & Guaranty Co.* (150 Misc. 174) this court said (at p. 177):

" Until and unless it is definitely established that the total amount of trust claims does not exceed the aggregate of the assets impressed with a trust, the granting of applications for the payment of untraced and unidentified trust funds would manifestly be improper. The funds available to pay trust claims might be exhausted before all those asserting such claims could apply for payment, and unjust preferences might thus be awarded to the earliest applicants. This

would place an improper and undue premium upon speed in invoking the aid of the court, and would result in a race between the thousands of persons whose situation is similar to that of the present petitioner. If the valid trust claims exceed the assets upon which they are a charge, the claimants are not entitled to receive more than their *pro rata* shares of said assets.

"As it is impossible for either the Superintendent or the court to ascertain the aggregate amount of valid trust claims which may be filed or asserted against the funds of the company, the court is unable, at this time, to direct the payment to the petitioner of any trust funds which cannot be specifically traced and identified. In the *International Milling Co. Case (supra)*, where the Court of Appeals affirmed an order granting a summary application for payment of mingled trust funds, although they could not be traced and identified, it was apparent to the court that the funds in the hands of the liquidator were sufficient to pay all trust claims, and the Superintendent of Banks had made no claim to the contrary. It was well known that the assets of the bank there involved were even sufficient to make substantial payments to depositors. No such situation is presented here."

The situation in this respect remains unchanged, for it is still impossible to ascertain the total amount of trust claims which may be asserted against the funds of the title company. Although the time for filing claims under article XI of the Insurance Law has expired, the provisions of that statute in regard to the filing of claims would seem to have no application to trust claims which may be traced to specific property or into mingled assets of the company. Such a conclusion has been reached in regard to claims filed against insolvent banks under the Banking Law (*Matter of International Milling Co., supra*, 84, 85; *Matter of Prime*, 249 App. Div. 28), and the reasoning of those decisions appears to require a similar holding here. This view was taken by counsel for the liquidator at the hearing of this motion. He now contends, however, that the decisions under the Banking Law are not applicable to the instant situation because of an amendment (Laws of 1933, chap. 304), which added clause (c) to subdivision 2 of section 400 of the Insurance Law, by which the term " assets " was defined as including " all deposits and funds of a special or trust nature." If, as he maintains, the purpose of this amendment was to broaden the scope of the sections dealing with the filing of claims so as to include trust claims, this intention has been imperfectly expressed. The Insurance Law, despite the amendment, contains no language from which it may reasonably be inferred that the provisions for

filing claims are applicable to trust claims as well as others. Certainly the amendment has left the statute at least ambiguous in this respect for counsel for the liquidator has himself heretofore taken the position that the time for filing trust claims has not expired, and this view has at all times been shared by counsel for the Mortgage Commission and many others. In the court's opinion the provisions of the Insurance Law in regard to the filing of claims are not applicable to trust claims and the time for asserting such claims has, therefore, not run out. As the orders of segregation contemplate that distribution would be postponed until the total amount of valid trust claims could be definitely ascertained, no distribution may be made at this time, to the possible prejudice of future trust claimants.

Counsel for the Superintendent, counsel for the Mortgage Commission and the attorneys for the various claimants who obtained orders of segregation all agree, however, that this court may fix a time within which all trust claims must be filed or else suffer the risk of being barred. The power of a court of equity to issue a so-called " bar order " is well recognized. (*Matter of Zimmerman*, 4 Fed. Supp. 801; affd., 66 F. [2d] 397; *New York* v. *Irving Trust Co.*, 288 U. S. 329; Glenn on Liquidation, § 535.) If the law were otherwise it would be impossible to complete the liquidation of the company until the Statute of Limitations had run against all possible claims for breach of trust, with the result that the assets of the company might be partially or completely dissipated in holding the liquidation open for many years, and the completion of the liquidation would be indefinitely postponed.

That branch of the motion which seeks such a " bar order " will, therefore, be granted and the court will accordingly direct that all trust claims must be filed on or before the 1st day of September, 1937.

Settle order in which provision is to be made for the giving of notice of the time fixed for the filing of trust claims.