In the Matter of Societa Principessa Iolanda Margherita Di Savoia (fondata dai Bonitesi), Inc., Respondent, against Joseph A. Broderick, as Superintendent of Banks of the State of New York, Appellant.

(Submitted October 3, 1932; decided November 22, 1932.)

*Michael N. Slotnick* for appellant. Petitioner's motion should have been denied because the petition does not state facts sufficient to constitute a cause of action under section 76 of the Banking Law and the proceeding instituted by respondent is likewise barred by the Statute of Limitations set forth in section 76. (*Baldwin's Bank* v. *Smith*, 215 N. Y. 76; *Matter of International Milling Co.* [*Broderick*], 259 N. Y. 77; *Matter of Egan*, 258 N. Y. 334; *Matter of Bond* v. *Broderick*, 232 App. Div. 468; *Matter of Horowitz*, 235 App. Div. 248; *Sun Holding Corp.* v. *14 West Seventy-second St. Corp.*, 140 Misc. Rep. 566; *Reining* v. *City of Buffalo*, 102 N. Y. 308; *Curry* v. *City of Buffalo*, 135 N. Y. 366; *Gilbert* v. *City of New York*, 173

App. Div. 359; *Bernreither* v. *City of New York*, 123 App. Div. 291; *Watts* v. *City of New York*, 133 App. Div. 400; *Smith* v. *City of New York*, 88 App. Div. 606; *Wellsbach Co.* v. *Norwich Gas & Electric Co.*, 96 App. Div. 52; 180 N. Y. 533.) There is no jurisdiction under the Banking Law for the issuance of a peremptory order of mandamus in the case at bar. (*Isaac* v. *Marcus*, 258 N. Y. 257; *Matter of Horowitz*, 235 App. Div. 248; *Van Tuyl* v. *Scharmann*, 208 N. Y. 53; *Matter of Carnegie Trust Co.*, 162 App. Div. 76; *Matter of Union Bank of Brooklyn*, 176 App. Div. 477.) The determination of the Appellate Division would nullify the legislative design for the orderly liquidation of a bank under sections 72 to 78, inclusive, of the Banking Law. (*Matter of Egan*, 258 N. Y. 334; *Matter of Bond* v. *Broderick*, 232 App. Div. 468; *Matter of Horowitz*, 235 App. Div. 248; *Van Tuyl* v. *Scharmann*, 208 N. Y. 53; *Matter of Harmony Fire & Marine Ins. Co.*, 45 N. Y. 310; *People* v. *Security Life Ins. & Annuity Co.*, 78 N. Y. 114; *Attorney-General* v. *Continental Life Ins. Co.*, 88 N. Y. 77.)

*F. R. Serri* for respondent. When the Superintendent of Banks fails to mail notice, the court may properly act to prevent the forfeiture of the rights of depositor. (*Matter of Egan*, 258 N. Y. 334.) The right of the petitioner being clear and there being no genuine controversy about any material fact, peremptory mandamus is the proper remedy. (*People ex rel. E. C. T. Club* v. *State R. Comm.*, 190 N. Y. 31.)

KELLOGG, J. The Banking Law [Cons. Laws, ch. 2] provides that the Superintendent of Banks, after taking possession of the business and assets of a delinquent banking corporation, shall notify all creditors to present their claims to him within four months from the date of such notice, at a specified time and place. (Banking Law, § 72.) " He shall cause said notice to be mailed to all persons

whose names appear as creditors upon the books of the corporation, banker or broker." (Id.) He shall cause such notice to be inserted in such newspapers as he may direct for three consecutive months. (Id.) "After the date specified in such notice as the last date for presenting proofs of claims the superintendent shall have no power to accept any claim." (Id.) Within ten days after the last day specified in said notice for filing claims, the Superintendent shall make and file a complete list of all claims duly presented. (§ 73.) Within thirty days after the date thus specified in the notice, objections to any claim filed, made by any interested party, may be filed with the Superintendent. (§ 74.) Not later than thirty days after the time for filing objections has expired, he shall accept or reject every claim filed. (§ 75.) Within thirty days after the acceptance or rejection, the Superintendent shall list all claims accepted or rejected and file the same. (Id.) When a claim has been accepted and so indorsed by the Superintendent, the claimant, unless entitled to a priority, shall be entitled to share ratably with other general creditors in the distribution of the assets of the corporation. (§ 76.) When the time for acceptance or rejection has expired, and " at any time within six months thereafter," a claimant whose filed claim has been rejected " may institute and maintain an action thereon " against the banking corporation. (Id.) No action shall be maintained against such corporation unless brought within the period of limitation specified in the section. (Id.) In all actions or proceedings, instituted against the banking corporation, while the Superintendent is in possession, " the plaintiff shall be required to allege and prove that the claim upon which the action is instituted was duly filed and that sixty days have elapsed since the expiration of time for filing said claim and that said claim has not been accepted." (Id.) No lien shall attach to the assets of the corporation, while in the possession of the Superin-

tendent, by virtue of any judgment recovered against it.   (§ 77.)*

These sections provide a comprehensive and exclusive means for the ascertainment of all claims against a delinquent corporation which is in liquidation; for their acceptance or rejection by the Superintendent; for the institution of actions to determine the validity of rejected claims; for the ratable distribution of assets among general creditors.   No actions or proceedings may be taken for the enforcement of claims not filed within the time prescribed; no suit upon a filed claim may be brought unless instituted within six months from the expiration of the time within which the Superintendent must have accepted or rejected the same; no suit upon an unfiled claim may ever be brought.   Necessary is it that all claims be filed with the Superintendent for the reason that until all such claims are made known to him, a ratable distribution of corporate assets among general creditors cannot be made.   Necessary, also, are the provisions strictly limiting the time within which actions may be brought to enforce rejected claims; otherwise prompt distribution to depositors and other creditors of their ratable shares would prove impossible.   Thus is provided a scheme whereby all the assets of a debtor are impounded, and held for proportionate distribution among general creditors; thus is prevented the unequal distribution, which otherwise would follow, if general creditors were permitted to recover accordingly as the liens acquired by them might have priority in time.   No unfairness to creditors may result, for all must receive notice by publication of the proceedings, and a special class, such as depositors, an additional notice by mail; and all will have an opportunity to present and prove their claims for a proportionate interest in the fund.

---

* Sections 72 to 77 of the Banking Law (Cons. Laws, ch. 2), referred to in the preceding paragraph, have been amended since the inception of this proceeding by L. 1930, chs. 664, 678; L. 1931, chs. 191, 310; L. 1932, ch. 399.

The business and assets of the City Trust Company of New York city, on February 11, 1929, pursuant to the provisions of section 57 of the Banking Law, were taken over by the Superintendent of Banks, for the purposes of liquidation. Following the method prescribed by the statute, on or about November 9, 1929, the Superintendent mailed notices to all depositors and creditors whose names and addresses appeared upon the books of the corporation. The notices provided that all creditors must present their claims to the Superintendent on or before March 9, 1930. As that day would be a Sunday, the notices must be read as calling for presentation on the following day, March 10, 1930. Similar notices were published in four newspapers, selected by the Superintendent, for a period of three months. Thereafter, the Superintendent, on or before March 10, received numerous claims; gave the necessary notices to file objections; accepted and rejected the claims presented, and caused them, with appropriate markings, to be listed and the lists to be filed; took all other steps prescribed to be taken by the statute.

The petitioner herein, who claims to have been a depositor in the City Trust Company, never presented any claim to the Superintendent on or before March 10, 1930. On the face of things, therefore, under the strict wording of section 72, the claimant was debarred from subsequently filing a claim, and lost all interest in the fund. Again, after November 10, 1930, under the provisions of section 76, it had lost all rights of action against the corporation to establish its claim. Nevertheless, the petitioner, on the 28th day of November, 1931, obtained an order at Special Term directing the Superintendent of Banks to accept its claim as duly filed on or before March 10, 1930, and this order has been affirmed.

The petitioner claims, and it has been held, that the provisions of the statute, which otherwise would debar presentation of its claim, and make it uncollectible, do

not apply to it, since the Superintendent of Banks never sent to it by mail the notice to present claims on or before March 10, 1930, sent to other creditors. The name of the petitioner is " Societa Principessa Iolanda Margherita di Savioa (fondata dai Bonitesi), Inc." No such name appeared upon the books of the City Trust Company when the Superintendent took possession. There did appear upon the books the name " Yolando Margherita M. S. Fondo Mortuario " as a depositor, credited with a deposit of $2,271.60. The petitioner claims to be the society so named. We perceive no similarity in the two names. If, indeed, the petitioner is the depositor, nevertheless, the name appearing on the books was a fictitious designation identifying no person, corporation or society. Only to " persons whose names appear as creditors upon the books of the corporation " must a notice be mailed. All other creditors must be satisfied with the warning afforded by the publication of the notice. Since the name of the petitioner, " Societa Principessa Iolanda Margherita di Savoia (fondata dai Bonitesi) Inc.," did not appear on the books of the corporation, no notice by mail was required to be given. Again, even the name which did appear was unaccompanied by any statement of address, whether city, street or State. Careful investigation by the Superintendent, including the telephone directory and the city directory, revealed no such name as that of the named depositor, and, of course, disclosed no address for mailing purposes. When the statute says that the Superintendent " shall cause said notice to be mailed " to all creditors " whose names appear * * * upon the books," we think the intent clear that the notice must be " mailed " with an appropriate address upon the envelope; that since the books furnished no such address and the Superintendent was not aware thereof, the requirement of mailing did not apply.

The statute is explicit: " After the date specified in such notice as the last date for presenting proofs of claims

the superintendent shall have no power to accept any claim." No exception is made of a creditor entitled to notice by mail to whom such a notice has not been given. Obviously, the Legislature, in making provision for the institution of liquidation proceedings by the Superintendent of Banks, might have omitted any requirement as to the mailing of a notice to creditors whose names might appear upon the corporate books, providing only for the publication of a notice to all creditors; yet the giving of a notice in that manner would have been sufficient to provide the Superintendent with all power and jurisdiction necessary to conduct the proceedings. This being so, the lesser power must be conceded, that the Legislature, although enjoining that notice by mailing be given to creditors of a particular class, might lawfully provide that even such creditors, though receiving no such notice, would sacrifice their claims unless the same were filed with the Superintendent prior to the date specified in the published notice. It might well be argued that the Legislature, in enacting the explicit provision which we have quoted, intended to provide for that result, and that the petitioner, though entitled to a notice which it did not receive, was forever cut off from proving its claim. That point, however, need not be decided, for here it is clear that the petitioner, since neither its name nor its address appeared on the corporate books, was not entitled to a notice by mail. Here we have a clear case in which the statutory mandate is operative to forbid the Superintendent to accept a claim, and yet the Supreme Court, in spite thereof, has issued its mandate that the claim must be received and accepted. Clearly the order made was not sanctioned by law.

The order of the Appellate Division and that of the Special Term should be reversed and the petition dismissed, with costs in all the courts.

Pound, Ch. J., Crane, Lehman, O'Brien, Hubbs and Crouch, JJ., concur.

Orders reversed, etc.