Sarah Zuroff, Respondent, *v.* Westchester Trust Company et al., Appellants, Impleaded with Others.

Argued January 6, 1937; decided March 9, 1937.

*Robert W. Crawford* and *Gerald Donovan* for appellants. Plaintiff must allege and prove that a claim has been duly filed before the expiration of the time limited for filing claims. (Cons. Laws, ch. 2, §§ 72, 76; *People* v. *American Loan & Trust Co.*, 172 N. Y. 371; *Van Tuyl* v. *Scharmann*, 208 N. Y. 53; *Matter of Egan* v. *Broderick*, 258 N. Y. 334; *Matter of Societa, etc., Di Savoia* v. *Broderick*, 260 N. Y. 260; *Schwarz* v. *Broderick*, 269 N. Y. 610.) The time to file a proof of claim cannot be extended by order or otherwise. (*Matter of Bank of United States*, 269 N. Y. 578; *Schnibbe* v. *Glenz*, 245 N. Y. 388; *City of New York* v. *Maithews*, 180 N. Y. 41; *Rochkind* v. *Perlman*, 123 App. Div. 808; *Stone* v. *Auerbach*, 133 App. Div. 75; *Matter of Silk*, 55 Fed. Rep. [2d] 917; *Matter of Killanna Realty & Construction Co.*, 68 Fed. Rep. [2d] 718; *Matter of Meyer*, 181 Fed. Rep. 904; *Morgan* v. *Hamlet*, 113 U. S. 449.) The plain language of the statute cannot be disregarded even though it be harsh or detrimental to some claimant. (*Matter of Hering*, 196 N. Y. 218; *McKuskie* v. *Hendrickson*, 128 N. Y. 555; *McCluskey* v. *Cromwell*, 11 N. Y. 593; *People* v. *Woodruff*, 32 N. Y. 355; *Seeley* v. *Clark*, 78 N. Y. 220; *Matter of Peck*, 168 Fed. Rep. 48; *Matter of Paine*, 127 Fed. Rep. 246.)

*Michael Popper* for respondent. The complaint sets forth a cause of action against appellants. (*Bank of United States* v. *International Milling Co.*, 259 N. Y. 77; *People*

v. *City Bank of Rochester*, 96 N. Y. 32; *Matter of Arcadia Trust Co.*, 268 N. Y. Supp. 759.) Sections 72 to 78 of the Banking Law (Cons. Laws, ch. 2) are not a bar to recovery. (*Gilbert* v. *Ackerman*, 159 N. Y. 118; *Adam* v. *Manhattan Life Ins. Co.*, 204 N. Y. 357; *Matter of Egan* v. *Broderick*, 258 N. Y. 334.)

O'BRIEN, J. The complaint alleges that defendant Westchester Trust Company, in order to induce plaintiff to purchase a mortgage participation certificate, fraudulently represented to her that the mortgagor owned certain premises, that the mortgage held by the trust company constituted a first mortgage and that plaintiff, in reliance upon such representations, purchased a first mortgage participation certificate. Defendant Superintendent of Banks took possession as liquidator of the business of the trust company January 2, 1934, and the complaint alleges that on the same day, in compliance with section 72 of the Banking Law (Cons. Laws, ch. 2), he mailed a notice to all creditors of the trust company whose names appeared on its records to file claims with him on or before February 2, 1934. Plaintiff alleges that her name did not appear on the records as a creditor or claimant, that she did not receive a notice to file a claim, that she failed to file a claim " as required by section 72 " and failed to comply with " the requirements of section 76 " for the reason that she did not discover the fraud practiced upon her until long after the expiration of the date " fixed for the filing of such claim " and long after the date " fixed to comply with the requirements of section 76." She alleges further that in May, 1935, after discovery of the fraud, she elected to rescind the sale of the certificate and in March, 1936, she filed a claim with the Superintendent demanding the return of the purchase price. This action was commenced April 9, 1936.

The certified question requires an answer whether the complaint states facts sufficient to constitute a cause of action.

Section 72 directs the Superintendent to " notify all persons who may have claims " against the corporation to present them and make proper proof within four months of the date of the notice. Inasmuch as the complaint alleges that plaintiff's name did not appear as a creditor on the books of the corporation, the Superintendent was under no duty to mail the notice to her. Notice by publication to all other creditors is sufficient (Banking Law, § 72; *Matter of Societa, etc., Di Savoia* v. *Broderick,* 260 N. Y. 260), and the complaint fails to allege that the Superintendent neglected to publish the notice.

That provision of section 72 which requires notice by the Superintendent of a specified time as the last date for the presentation and proof of claims does not constitute a statute of limitations but merely establishes a condition precedent. (*Matter of Bank of United States,* 271 N. Y. 660.) The additional provision in the same section, " The superintendent shall have no power to accept any claim presented after the date specified in such notice as the last date for presenting claims," operates as a prohibition. Since the complaint alleges that plaintiff failed to file a claim as required by section 72 and likewise failed to comply with the requirements of section 76 of the Banking Law, this complaint does not state a cause of action. Section 76 provides: " When the time within which the superintendent is required to accept or reject claims has expired and *at any time within six months thereafter,* a claimant *whose claim has been duly filed* and has not been accepted by the superintendent, or any person whose account payable as shown by the books and records, as to which no claim has been presented, has not been accepted by the superintendent, may institute and maintain an action thereon against such corporation or banker. No action shall be maintained against such corporation or banker while the superintendent is in possession of its affairs and business *unless brought within the period of limitation specified in this section.* In all actions or proceedings instituted against such corporation or banker

while the superintendent is in possession of its property and business, *the plaintiff shall be required to allege and prove that the claim upon which the action is instituted was duly filed* and that eighty days have elapsed since the expiration of time for filing said claim and that said claim has not been accepted * * * or in the case of an action upon an account as to which no claim has been presented the plaintiff shall be required to allege and prove that such account appeared upon the books and records * * *." No actions or proceedings may be taken for the enforcement of claims not filed within the time prescribed. (*Matter of Societa, etc., Di Savoia* v. *Broderick, supra.*) The fact that the circumstances constituting the basis of a claim may not be discovered before the expiration of the time for filing claims does not authorize a filing and proof at a later date (*Matter of Bank of United States*, 269 N. Y. 578) nor, since section 72 does not constitute a statute of limitations, does infancy affect the requirement of compliance with the statute or extend the time specified in the Superintendent's notice. (*Schwarz* v. *Broderick*, 269 N. Y. 610.) The same rule must necessarily apply to the late discovery of fraud. The purpose of these sections of the Banking Law is to provide a comprehensive and exclusive means for ascertaining claims and for a speedy distribution of assets of a moneyed corporation in liquidation. (*Matter of Egan*, 258 N. Y. 334, 340; *Matter of Societa, etc., Di Savoia* v. *Broderick, supra.*)

The order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs in this court and in the Appellate Division. The certified question is answered " No."

CRANE, Ch. J., HUBBS, LOUGHRAN and RIPPEY, JJ., concur; LEHMAN and FINCH, JJ., taking no part.

Ordered accordingly.