LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of WESTCHESTER TITLE & TRUST COMPANY, Respondent, v. LOUIS S. WEBER and SADIE H. WEBER, His Wife, Appellants, and Others, Defendants; GRAYMAR REALTY CORPORATION, Defendant-Respondent.— Motion to dismiss the appeal dismissed in view of the decision on the appeal (post, p. 881), decided herewith. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ.

VULCAN RAIL & CONSTRUCTION CO., INC., Appellant, Respondent, v. COUNTY OF WESTCHESTER and Others, Defendants, Respondents; THOMAS J. COONEY and Others, Respondents, Appellants.— Motion of plaintiff and of defendants County Sand & Stone Corporation, New York Trap Rock Corporation and others for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Motion of defendant Tarrytown National Bank & Trust Co. for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ.

WILLIAM H. BUCK, JULIA T. BUCK and CENTRAL NATIONAL BANK OF YONKERS, Respondents, v. WESTCHESTER TRUST COMPANY, WILLIAM R. WHITE, as Superintendent of Banks of the State of New York, and ARTHUR J. McQUADE, as Special Deputy Superintendent of Banks, in Charge of WESTCHESTER TRUST COMPANY in Liquidation, Appellants.— In an action in the right of the beneficiaries of a trust against their former trustee, to recover trust property alleged to have been converted by the latter and now in the form of real estate held by it as the result of the purchase of mortgaged real property at a sale thereof in foreclosure, order denying defendant's motion to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action affirmed, with ten dollars costs and disbursements, with leave to defendants to answer within ten days from the entry of the order hereon. Sections 72 and 76 of the Banking Law, upon which the trustee appellant relies, are without application to the claim of the plaintiffs, which is not against the assets of the defendant bank, trustee (Matter of International M. Co. [Broderick], 259 N. Y. 77, 84, 85; Matter of Prime, 249 App. Div. 28), but contemplates the recovery of specific trust property converted by the defendant trustee. Zuroff v. Westchester Trust Co. (273 N. Y. 200) is not at variance with our conclusion. Lazansky, P. J., Carswell, Davis and Taylor, JJ., concur; Adel, J., dissents and votes for reversal on authority of Zuroff v. Westchester Trust Co. (273 N. Y. 200).

EMMA M. CAPPEL, Appellant, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— Judgment dismissing that part of the plaintiff's complaint which seeks salary for the plaintiff prior to September 6, 1927, and order denying motion to set aside such judgment and for a new trial, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Close, JJ.