THOS. COOK & SON, INCORPORATED, Plaintiff, *v.* ELLIOTT V. BELL, as Superintendent of Banks of the State of New York, Defendant.*

Supreme Court, Special Term, New York County, February 19, 1947.

* See, also, *Carr* v. *Yokohama Specie Bank,* 272 App. Div. 64.— [REP.

*Edward Feldman, Henry L. Bayles* and *Daniel Gersen* for defendant.

*Latson & Tamblyn* for plaintiff.

SHIENTAG, J. This is a motion by the defendant Superintendent of Banks for an order dismissing the complaint under rules 106 and 107 of the Rules of Civil Practice on the theory that the action was not brought within the six-month period specified in section 625 [subd. 3] of the Banking Law. The material facts are as follows: The Yokohama Specie Bank, Ltd., a Japanese corporation, was licensed to transact a limited banking business in the State of New York and maintained a New York agency. On December 8, 1941, the Superintendent of Banks took possession of this New York agency. On August 25, 1942, acting under section 620 of the Banking Law, the superintendent issued a notice requiring all persons having claims against the agency to file proofs of such claims on or before November 23, 1942. On November 13, 1942, the plaintiff, Thos. Cook & Son, Incorporated, filed a written proof of its claim in the amount of $4,601.83. The superintendent rejected the claim and gave notice of this rejection on February 11, 1943. Under section 625 of the Banking Law, actions on claims not accepted by the superintendent must be instituted within a six-month period, namely, by August 11, 1943. The present action was instituted February 6, 1946.

Obviously, the complaint should be dismissed for failure to comply with section 625, which requires the institution of actions within the six-month period unless there is some other section in the Banking Law which permits this late procedure (*Matter of Societa Principessa, etc., Di Savoia* v. *Broderick,* 260 N. Y. 260).

The reason why the claim was not sued on was that there was doubt in plaintiff's mind as to the legality of the claim after it was rejected. Another claimant in a similar position, however, prosecuted its claim to a successful conclusion in the Court of Appeals. (See *Singer* v. *Yokohama Specie Bank,* 293 N. Y. 542.) This success stimulated the plaintiff to attempt to collect by serving its summons some three or four years late.

In justification for bringing the action in this tardy fashion, plaintiff urges section 619 of the Banking Law. This section provides (subd. 1): " (d) No action against the superintendent, or against a banking organization whose business and property have been taken over by him, with respect to any matter arising out of (1) the liquidation, administration, distribution or other disposition by or on behalf of the superintendent (i) of the estate of such banking organization, or (ii) of money or property in its possession or under its control as executor, administrator, trustee, guardian, committee or other fiduciary capacity, or as bailee, pledgee, depository, agent or otherwise, or * * * (2) * * * shall be commenced *subsequent to three years after the accrual of such cause of action * * *.*" (Italics mine.)

The argument is made, in effect, that the wrongful rejection of the claim on mistaken legal grounds during the administration gives a cause of action against the superintendent, as contrasted with an action against the bank. Superficially, the argument seems plausible but I hold that it is not sound. Section 625 of the Banking Law refers to the liquidation of banking organizations. To be sure, the term " banking organizations " as defined would not include a New York agency of a foreign banking corporation. However, paragraph (a) of subdivision 4 of section 606 of the Banking Law provides: " The superintendent may also forthwith take possession of the business and property in this state of any foreign banking corporation, which has been licensed by him under the provisions of this chapter, upon his finding that any of the reasons enumerated in subdivision one of this section exist with respect to such corporation or that it is in liquidation at its domicile or elsewhere. Title to such business and property shall vest by operation of law in the super-

intendent and his successors forthwith upon taking possession. *Thereafter the superintendent shall liquidate such business and property in accordance with the provisions of this chapter applicable to the liquidation of banking organizations, except that he may deal with such business and property and prosecute and defend any and all actions relating thereto in his own name as superintendent* * * *."* (Italics mine.)

Paragraph (d) of subdivision 1 of section 619, which gives the limitation of three years, also provides: " Nothing in this paragraph shall be deemed to extend or otherwise affect the period of limitations in section six hundred twenty-five of this article provided with respect to claims or causes of action in existence when the business and property of such banking organization were taken over."

The cause of action involved in the present complaint is based upon a claim in existence when the business and property of the New York agency were taken over. What the plaintiff seeks is a decision that the claim duly filed in the liquidation is entitled to participate with other claims in the distribution of the assets in the possession of the superintendent. I hold that this claim is governed by the provisions of section 625 of the Banking Law.

Motion to dismiss the complaint is granted. Settle order.