Van Voorhis, J.
The complaint has been dismissed on the ground that the action was not commenced within the six months limited by section 625 of the Banking Law after the rejection of plaintiff’s claims by the Superintendent of Banks. The order and judgment appealed from should be affirmed for the reason that the time limit thus prescribed Avas intended to take precedence over statutes of limitation established by other laws.
The complaint alleges that when the Superintendent of Banks took possession of the business and property in New York State of the Yokohama Specie Bank, Ltd., on or about December 6, *66 1941, this bank’s New York agency had on deposit $140,000 belonging to a corporation known as Nippon Yusen Kaisya; that on April 23, 1942, Nippon Yusen Kaisya was adjudicated bankrupt; that after plaintiff had been appointed its trustee in bankruptcy the Superintendent of Banks gave notice to creditors of Yokohama Specie Bank, Ltd., to file claims on or before November 23, 1942 (Banking Law, § 620), and that plaintiff’s claim for said $140,000 deposit was duly filed but was rejected on February 11, 1943. This action was not commenced until March. 22, 1944. Meanwhile and within six months of the rejection of the claim, plaintiff began an action in the United States District Court which was dismissed for want of jurisdiction of the subject matter. That circumstance and a provision respecting limitations in the Bankruptcy Act are invoked to save this action.
Another claim filed by plaintiff was rejected at the same time for the payment of bonds and coupons of the Imperial Japanese Government and of the City of Yokohama, funds for the redemption of which are alleged to have been deposited by the obligors with the New York agency of the Yokohama Specie Bank, Ltd. This second claim does not need to be considered since the law is established that moneys deposited by an obligor to meet maturing principal or interest on corporate bonds creates a liability of the depository to the obligor but not to the holder of the bonds and coupons (Noyes v. First National Bank of New York, 180 App. Div. 162, affd. 224 N. Y. 542; Nacional Financiera, S. A., v. Speyer, 261 App. Div. 599). Thus, although section 625 of the Banking Law does not apply to trust property (Matter of International Milling Co., 259 N. Y. 77, 90 A. L. R. 6, 38; Buck v. Westchester Trust Co., 250 App. Div. 877), that does not help the plaintiff since, insofar as the holder of the bonds and coupons is concerned, this was not trust property. Although the notice of motion does not specify insufficiency in law as a basis for dismissing this suit, it is clear that since plaintiff could not possibly charge the bank with acting for Nippon Yusen Kaisya in a fiduciary capacity, any cause of action which plaintiff could have on the second .claim is barred on the same ground as the first claim.
The principal question on this appeal is whether section 23 of the Civil Practice Act gave plaintiff one year from the termination of his action in the United States court in which to commence the present action, notwithstanding the provisions of subdivision 3 of section 625 of the Banking Law that such actions *67 may be instituted within six months after rejection of the claim by the Superintendent of Banks and-subdivision 4 of section 625 that: “ No action shall be maintained against such banking organization while the superintendent is in possession of its affairs and business unless brought within the period of limitation specified in this0section.”
The court below has held that this action cannot be brought after the expiration of six months from the rejection of the claim (citing Zuroff v. Westchester Trust Co., 273 N. Y. 200; Leal v. Westchester Trust Co., 279 N. Y. 25). Although this result is drastic, we believe it to be sound. The Zuroff case, to be sure, involved failure to file a claim within the time specified by the Superintendent of Banks. Nevertheless, the reasoning of the court is far-reaching. The court said in its opinion that the timely presentation and proof of claims is á condition precedent, not a statute of limitations, adding that .the further provision that the Superintendent shall have no power to accept any claim presented after the date specified operates as a prohibition. Matter of Societa, etc., Di Savoia v. Broderick (260 N. Y. 260) was cited in which the opinion emphasizes that these provisions of the Banking Law, including the six months ’ limitation for the commencement of actions after rejection of claims, constitute a comprehensive plan for the prompt liquidation of defunct banks. That case also involved failure to file a claim within time, the court stating (p.‘ 264): “ Necessary is it that all claims be-filed with the Superintendent for the reason that until all such claims are made known to him, a ratable distribution of corporate assets among general creditors cannot be made.”
It is significant that the opinion continues by stating: “ Necessary, also, are the provisions strictly limiting the time within which actions may be brought to enforce rejected claims; otherwise prompt distribution to depositors and other creditors of their ratable shares would prove impossible.”
It can hardly have been contemplated by the Legislature that if a claimant commenced an action in a wrong court, he could obtain a year’s extension plus the duration of the pendency of the action, whereas, if he brought it in the right court, he could have only six months. Attention is called to the following statement respecting the applicability of section 23 of the Civil Practice Act in the opinion in Matter of Keep (241 App. Div. 556, affd. 266 N. Y. 583) made per Lewis, J., at p. 560 of the Appellate Division citation;
*68 “ This section is within article 2 of the Civil Practice Act which bears the title ‘ Limitations of Time.’ The Legislature has clearly defined and limited the application of the sections within article 2 by section 10 thereof which provides:
“ ‘ § 10. Application of article. The provisions of this article apply and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases: *
“ * 1. A case where a different limitation is specially prescribed by law or a shorter limitation is prescribed by the written contract of the parties.’
“We regard the section last quoted to be a clear expression of the Legislature’s intent to make the provisions of article 2 ■inapplicable to those cases in which the law prescribes a different limitation — as in the case of the special statute with which we aje concerned upon this appeal.”
This refers pointedly to the language of subdivision 4 of section 625 of the Banking Law that: “No action shall be maintained against such banking organization while the superintendent is in possession of its affairs and business unless brought within the period of limitation specified in this section.” This is “ a different limitation specially prescribed by law,” by which is meant a law which indicates that it is intended to be the exclusive limitation.
It may be said that Matter of Keep (supra), (involving the time to review an assessment) falls more closely than the present action within the doctrine of Hill v. Supervisors (119 N. Y. 344) where the limitation of time was part of the statute which created the right to be enforced, and yet it is believed that such a conclusion would be erroneous. Such reasoning wduld furnish equal support to an argument that the filing of a claim within the time prescribed by the Superintendent of Banks is not a condition precedent on the ground that the right sought to be enforced was not created by the Banking Law but by the deposit of money with the Bank before the Superintendent took over. This reasoning does not fit into the structure of the Banking Law which-for practical purposes suspends whatever rights the depositor had and substitutes such as are created by the Banking Law while the Superintendent is in possession. The distinction between right and remedy here "becomes so attenuated as to lose all real significance so far as the limitation of time is concerned. The six months’ period for the commencement of actions after rejection of claims is as much a condition *69 precedent as the timely filing of claims. Otherwise the six months’ statute would be tolled not only by an abortive action in the Federal court but also by infancy, insanity, death and all of the disabilities mentioned in article 2 of the Civil Practice Act.
While barring plaintiff’s claim may be severe and unjust in one sense, the Legislature was obliged to weigh against one another the various types of injustice which inevitably result from bank failures, outstanding among which is the inability of a multitude of depositors to obtain their liquidation dividends for a protracted length of time. That appears to be what these provisions were designed to prevent.
Being attached as a condition precedent to the maintenance of an action against a banking corporation while its business and property are in the hands of the Superintendent of Banks, the six-months’ limitation period prescribed by section 625 of the Banking Law takes precedence over any longer limitation contained in the Bankruptcy Act for the same reasons as in the case of section 23 of the Civil Practice Act. That renders' unnecessary any decision concerning whether Herget v. Central National Bank & Trust Co. (324 U. S. 4) decided after the order appealed from was entered, holds that subdivision e of section 11 of the Bankruptcy Act applies to causes of action accruing to a trustee in bankruptcy after adjudication. It has been well reasoned that it does not (5 Remington on Bankruptcy, § 2344) and that therefore subdivision e of section 11 could have no application in any event to the present causes of action by reason of their accrual oh the rejection of. plaintiff’s claims by the superintendent which occurred after bankruptcy had intervened.
For these reasons, the order appealed from dismissing the complaint and the judgment entered .thereon should be affrmed, with costs.