Martin, P. J.
(dissenting). The defendant Yokohama Specie Bank, Ltd. (hereinafter referred to as the Bank) a Japanese banking corporation, was duly licensed to transact business in this State and maintained an agency for the transaction of business in the city of New York. The defendant, the Superintendent of Banks of the State of New York (hereinafter referred to as to the Superintendent) took possession of the New York business and property of the Bank on December 8,1941, for the purpose of liquidating same as provided for by the banking laws of this State.
*70 Nippon Yusen Kaisya (the corporation of which plaintiff is the duly appointed trustee in bankruptcy) had deposited with the Bank on or about July 17, 1941, the sum of $150,000, of which a balance of $140,000 remained undrawn at the time when the Superintendent took possession of the Bank. Nippon Yusen Kaisya also owned Imperial Japanese Government and City of Yokohama bonds having attached interest coupons calling for interest payments semi-annually. According to the allegations of the complaint, the Japanese Government prior to December 8,1941, had deposited with the Bank in trust for the owners and holders of the aforementioned bonds a sum of money to pay interest upon presentation of the interest coupons and the Bank was authorized to make such interest payments.
Nippon Yusen Kaisya was adjudicated a bankrupt in the United States District Court in and for the Northern District of California about April 23, 1942, and on or about July 3, 1942, the plaintiff was duly appointed trustee of the estate of the said bankrupt.
By notice dated August 25, 1942, the Superintendent gave notice to creditors of the Bank fo present and file with him on or before November 23, 1942, their claims against the Bank. On or about November 16th and November 23d, the plaintiff presented and filed with the Superintendent claims based on the unpaid deposit and the bond interest coupons. The Superintendent rejected plaintiff’s claims on or about February 11, 1943. The plaintiff was then authorized by the court appointing him to commence and prosecute this action. Prior to the institution of this present action the trustee on or about July 13, 1943, instituted an action against the Superintendent in the United States District Court for the Southern District of New York asking for substantially the same relief as prayed for in the complaint now before the court. The Superintendent moved to dismiss the District Court action on the ground that that court did not have jurisdiction over the subject matter. That motion was granted and the complaint in the United States District Court action was dismissed on January 4, 1944. This New York Supreme Court action was instituted March 22, 1944. Defendant moved to dismiss the complaint on the ground that the causes of action did not accrue within- the time limited by law for the commencement of an action herein and an attack was also made on the sufficiency of the third and fourth causes of action.
The Superintendent contended that since the claims were rejected on February 11, 1943, this action should have been *71 commenced within the. time limit provided by section 625 of the Banking Law, to wit, six months after the rejection of the claim, so that this action should have been commenced on or before August 11,1943, and since this New York Supreme Court action was not commenced until March 22, 1944, it is barred. Special Term agreed with this contention.
We are of the opinion that plaintiff is entitled to the benefit of the provisions of section 23 of the Civil Practice Act. The object of that section is to aid a diligent creditor who brings suit in time but the merits of whose action has failed to be tried through no choice of the creditor and the period of limitations has become complete during the pendency of the suit (Baker v. Cohen, 266 App. Div. 236). The action in the United States District Court was instituted within the six months mentioned in section 625. That action was dismissed because of lack of jurisdiction. Suit in the Federal court on the same cause will serve to extend the time to sue in our State courts (Baker v. Cohen, supra, and cases cited at p. 240).
It is urged, however, that section 23 of the Civil Practice Act may not be applied as the limitation here is inherent in the right to sue and is a condition precedent to the maintenance of action.
There is a distinction between a true statute of limitations and the limitation which is inherent in the right to sue. The true statute of limitations does not extinguish the cause of action, it simply is a bar to the right to maintain the action. Where a statute creates a new right, its existence may be limited and if so limited it expires with the passage of time and nothing may revive it. When the various States enacted legislation creating a cause of action for wrongful death, the distinction was emphasized.
In American and English Encyclopaedia of Law (Vol. 8, 2d ed., p. 875) it was said: “ It seems that provisions in the statutes authorizing actions for wrongful death which limit the time within which the actions shall be brought are not properly statutes of limitation as that term is generally used. They are qualifications restricting rights granted by the statutes, and must be strictly complied with. As the statutes confer a new right of action, no explanation as to why the suit was not brought within the specified time will avail unless the statutes themselves provide a saving clause.”
In The Harrisburg (119 U. S. 199, 214) the court, speaking of the statutes in Massachusetts and Pennsylvania, said: “ The *72 statutes create a new legal liability, with the right to a suit for its enforcement, provided the suit is brought within twelve months, and not otherwise. The time within' which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. * * * It matters not that no rights of innocent parties have attached during the delay. Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and .the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right.” To the same effect see Colell v. Delaware, L. & W. R. R. Co. (80 App. Div. 342).
In due time the wrongful death action became a code remedy in this State and what had been a qualification of the right became a limitation of the remedy. In Sharrow v. Inland Lines, Ltd. (214 N. Y. 101) it was held that the time element in the code provision covering the wrongful death action was a trust statute of limitations rather than a qualification of the right. The dissenting opinion there leaves no doubt as to what the case stands for.
If a statute creates a duty or obligation, the obligation is in the nature of a specialty and does not come within the provisions of the ordinary statute of limitations (1 Wood on Limitations [4th ed.], § 36; Robertson v. Blaine County, 90 F; 63. See, also, Freeland v. McCullough, 1 Den. 414). The cause of action created by the statute considered in Hill v. Supervisors (119 N. Y. 344) is in the nature of a specialty.
The problem here is not unlike that considered in Gaines v. City of New York (215 N. Y. 533). In that case it appeared that section 261 of the Greater Hew York Charter limited the time for the commencement of an action for negligence to one year after the cause of action accrued. The plaintiff brought an action before the year expired in the city court, which court had no jurisdiction of actions against the City of Hew York, and when the case came on for trial it was dismissed upon that ground. The Supreme Court action was then instituted and it would have been too late unless the running of the statute was suspended. The Court of Appeals held that the situation was governed by the provisions of section 405 of the Code of Civil Procedure (the predecessor of section 23 of the Civil-Practice Act) and in so holding, the court said in part: “ That the plaintiff’s case is within the letter of the statute is hardly doubtful. He brought an action against the defendant, and the action was *73 terminated otherwise than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute, or a final judgment upon the merits. If the protection of the statute is to be denied to him, it ought to be clearly shown that his case, though within the letter, of the statute, is not within its reason. We think that the defendant has been unable to sustain that burden. The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain bis, rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction, stands on the same plane as any other mistake of law. Questions of jurisdiction are often obscure and intricate.”
As we read the applicable sections of the Banking Law, no new liability on the part of the Bank or the Superintendent is created and plaintiff’s causes of action exist independent of the statute. The remedy alone is regulated.
In Zuroff v. Westchester Trust Co. (273 N. Y. 200, 204) it was said: “ The purpose of these sections of the Banking Law is to provide a comprehensive and exclusive means for ascertaining claims and for a speedy distribution of assets of a moneyed corporation in liquidation. ’ ’
Plaintiff has complied with the conditions of the statute precedent to instituting suit. Suit was instituted within the period mentioned in the statute. The six months mentioned in the statute is a true statute of limitations and section 23 of the Civil Practice Act is applicable.
The third and fourth causes of action, however, are incomplete in their failure to contain the allegations required by section 625 of the Banking Law.
The judgment should be reversed, with costs to the appellant. The order, insofar as it grants defendants’ motion to dismiss the first and second causes of action, should be reversed and the motion to dismiss said causes of action denied, and, insofar as it grants defendants’ motion to dismiss the third and fourth causes of action, it should be affirmed, with leave to the plaintiff-appellant to serve an amended complaint.
G-lennon, Dobe and Cohn, JJ., concur with Van Voobhis, J.; Mabtin, P. J., dissents in opinion. ■
Order and judgment affirmed, with costs-