## HOCKER v. KELLEY et als.

In a suit to enforce a mechanic's lien on a ditch, a mortgagor of the ditch subsequent to the lien, has no absolute right of intervention. And, where the suit had been pending some time, and the application to intervene was made just as plaintiff was taking judgment, the application was properly refused.

Appeal from the Ninth District.

*J. Chadbourne*, for Appellant, cited: Prac. Act, Sec. 659; *Brooks* v. *Hager*, 5 Cal.; *Yuba County* v. *Adams & Co.* 7 Cal. 35; *Horn* v. *The Volcano Water Company*, *ante*; Bouvier's Law Dic. 666; La

Code Prac. Secs. 364, 389—394; *Sargeant* v. *Wilson*, 5 Cal. 504; *Moss* v. *Warner*, 10 Id. 296; *Montgomery* v. *Tutt*, 11 Id. 307.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

In this case the only error assigned is the refusal of the Court below to allow the Appellant to intervene in the action to which he was not made a party. The suit was brought to recover judgment on a claim for work done as a mechanic on a ditch, and to subject to sale the premises for the payment of the debt. The Appellant claims to be a mortgage creditor of the defendants, the mortgage being subsequent to the alleged mechanic's lien of the plaintiff. The suit of plaintiff had been pending for some time, and the Appellant did not make his motion to intervene until the term of trial, and just as the plaintiff was about asking judgment. We think the application was too late; at least that the Court was not bound to allow it when so interposed. No reason is shown why it was not sooner made. The effect of the application would necessarily be to postpone the trial; and if we recognize the absolute right of intervention in such cases by third parties, the result would be that it would always be in the power of the defendant, by assignment or otherwise, to postpone almost indefinitely a trial.

No injury can result to the Appellant by this refusal; for if he has any valid claim, it is still in his power, by the appropriate proceeding, to assert it; and this proceeding, and the result of it, can in no wise affect him. The decree would, of course, only bind the parties to it, and would not affect a claim when the holder of it was not made a party to the proceeding.

Judgment affirmed.