# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## JANUARY TERM, 1877.

---

[No. 4676.]

## GEORGE K. PORTER v. STEPHANO GARRISSINO, DEFENDANT, AND JOHN McDERMOTT, INTERVENOR.

EJECTMENT.—In ejectment, the matter in litigation is the alleged right to the possession of the demanded premises on the part of the plaintiff, and his ouster by the defendant, and not the land.

INTERVENTION IN EJECTMENT.—In ejectment, a person who is in no way connected with the right of possession asserted by the plaintiff or the defendant, but, on the contrary, alleges title in himself paramount to both, cannot intervene.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

Ejectment to recover a lot on Fifteenth street, between Valencia and Guererro streets, city and county of San Francisco. The defendant Garrissino was defaulted for failure to answer. McDermott intervened, and in his pleading, called an answer in the transcript, he denies the title of both the plaintiff and defendant to a part of the demanded premises, and avers that he is, and that he and his predecessors in interest have been, for more than five years, in the adverse possession of such part of the demanded premises. The plaintiff objected to the intervention, but the court overruled the objection, and, after a trial, rendered judgment for the plaintiff against the defendant for that part of the demanded premises not claimed by the intervenor, and in favor of the intervenor for his costs. The plaintiff appealed.

( 559 )

*B. S. Brooks,* for the Appellant.

Counsel for respondent appeals to the language of the Practice Act, sec. 659: "Any person who has an interest in the matter in litigation." So do we. He asks what is the matter in litigation? and answers, the land. But that is not so. The matter in litigation is the plaintiff's right to recover the possession of it from the defendant. Mr. McDermott might have a mortgage or a mechanic's lien on the land, a remainder or reversion, and this would give him an interest in the land, but he would have no interest in the matter in controversy.

Under section 659 of the Practice Act a person is permitted to intervene: First. When he has an interest in the success of the plaintiff; Second. When he has an interest in the success of the defendant; and Third. When he has an interest against both plaintiff and defendant. The interest must necessarily be an interest in the matter in litigation; and, as was said by Justice Field, in *Horn* v. *The Volcano, etc.* (13 Cal. 69): "The interest mentioned in the statute, which entitles a person to intervene in a suit between other parties, must be in the matter in litigation, and of such a direct and immediate character, that the intervenor will either gain or lose by the direct legal operation and effect of the judgment."

*McAllisters & Bergin,* for the Respondent.

The statute grants the right to intervene to "any person * * * who has an interest in the matter in litigation." (Pr. Act, sec. 659). What is the matter in litigation? This land. Has McDermott any interest in it? The court so finds. Is that interest adverse to the plaintiff and defendant? Of course. In truth, no reason can be assigned for allowing intervention in other cases which does not equally apply to ejectment. (*Davis* v. *Eppinger,* 18 Cal. 380: *Seyer* v. *Ihmels,* 21 Cal. 287; and *Stich* v. *Goldner,* 38 Cal. 610.)

By the COURT:

The "matter in litigation" was, at the time of the intervention, the alleged right to the possession on the part of the plaintiff, and the ouster of plaintiff by the defendant.

The intervention contains no averment that the intervenor is in any way connected with the right to the possession asserted either by plaintiff or defendant, but, on the contrary, alleges that he has title paramount to both, and that he has been in the actual possession for more than five years. The intervenor, therefore, had no interest in the matter in litigation.

If the intervenor is the owner, and in possession of a portion of the premises sued for, he cannot be disturbed in his possession under any process which may be issued on a judgment in favor of plaintiff against the defendant.

If he has no connection with the defendant, it is plain that a judgment against defendant cannot be resorted to to remove him. If defendant held for him, his proper course would have been to apply for leave to defend in the name of defendant.

Nor can plaintiff claim that the intervenor shall be bound by a judgment which may have been taken against the defendant on the ground that he actually appeared and assisted to defend on behalf of defendant, since the pleading on which he alone has claimed his right to appear has been set aside and disregarded by this Court on the application of plaintiff himself.

Judgment and order, so far as the same was rendered in favor of the intervenor, reversed, and the court below directed to strike from the files the paper writing styled in the transcript "Answer of John McDermott, intervenor," the same being the intervention of said McDermott, and wholly to disregard said intervention, and to render judgment irrespective of said intervention.

Mr. Chief Justice WALLACE, being disqualified, did not sit in this cause.