## REAY v. BUTLER and Others, and TREADWELL, Intervener.*

### No. 8937; July 30, 1885.

#### 7 Pac. 669.

**Ejectment—Effect of Intervention.**—The effect of an intervention is to add new parties for the purpose of determining all conflicting claims to the matter in controversy, and does not affect the nature of the action at all, or interfere with the trial thereof; and therefore, where the plaintiff, in an action of ejectment, desires a jury trial, the filing of an intervention praying equitable relief will not affect such right, and a denial of a jury is error.[1]

**Ejectment—Intervention, When Allowed.**—A person who does not claim to have derived title from both plaintiff and defendant in ejectment, and does assert title in himself paramount to both, cannot intervene in such action.    Whether intervention applicable to ejectment at all, quære.

**Ejectment—Intervention—Amount of Judgment.**—Where an intervener in an action prays for only part of the demanded premises,

---

*For subsequent opinion in bank, see Reay v. Butler, 69 Cal. 572, 11 Pac. 463.

[1] **Cited,** with other cases, in Rocca v. Thompson, 223 U. S. 331, 56 L. Ed. 458, 32 Sup. Ct. Rep. 210, as authority for the definition, contained in Black's Law Dictionary, for "Intervention," thus: "In practice; a proceeding in a suit or action by which a third person is permitted by the court to make himself a party, either joining the plaintiff in claiming what is sought by the complaint, or uniting with the defendant in resisting the claims of the plaintiff, or demanding something adversely to both of them."

Cited in McNeil v. Morgan, 157 Cal. 377, 108 Pac. 70, on the right of an intervener to a jury trial.

it is error for the court to render judgment in his favor for the whole of the same, and to enjoin the plaintiff from prosecuting or maintaining an action therefor.[1]

APPEAL from Superior Court, City and County of San Francisco.

A. E. Lawrence and Flournoy & Mhoon for appellant; Fisher Ames and Wash. C. Burnett for respondent.

McKEE, J.—From a final judgment entered on the 31st of December, 1879, and from an order made and entered on the 28th of December, 1880, denying a motion to vacate and set aside said judgment, the appeal in this case has been taken. The judgment was rendered in a proceeding of intervention filed in an action of ejectment, brought by J. W. Reay against John Butler and P. H. Owens, defendants, to recover possession of a tract of land "situate in the city and county of San Francisco, described as follows, viz.: Commencing at a point 8.04 chains south of the quarter section post in the center of section 7, township 2 S., range 5 W.; thence north 22.54 chains; thence east 26.80 chains; thence running north 80¼ degs., east 3.08 chains; thence south 24.85 chains; thence west 29.44 chains, to the place of beginning containing 54.30 acres, more or less, being the land immediately west of what is known as the 'Dana Tract,' and what was formerly the Sans Souci rancho, and located near the Lone Mountain cemetery, and adjoining Kilian's and Culver's land."

The complaint was filed on the 20th of February, 1866. On the 2d of March, 1866, the defendants appeared, by J. P. Treadwell, their attorney, and filed an answer in which they "deny each and every the allegation in the said complaint contained," and aver that J. P. Treadwell was, "at and before the filing of the complaint, and still is, the owner of, and in the possession and occupation and entitled to the possession, of the land; and that they are in possession under and by license from him and in subordination to his right and title, and not otherwise"; and that "said Treadwell is

---

1 **Cited** and approved in Tuckfield v. Crager, 29 Utah, 483, 82 Pac. 862, in an action for an injunction, and for damages in trespass for entering plaintiff's premises and tearing down a fence.

ready and willing to and does defend this action as land-
lord and owner of the demanded premises.''

Pending the action upon the issues raised by that answer,
Treadwell, the attorney of record for the defendants, upon
the 25th of June, 1867, applied in proper person for and
obtained an order permitting him, in his own behalf, to
intervene in the action and on the same day he filed his
complaint in intervention, in which he alleged that he was
the owner and in possession of a tract of land described as
''all that part of the demanded premises known as and
called 'Speck Ranch' (and otherwise as 'Treadwell's Ranch').
Said ranch is situated in the city and county of San Fran-
cisco, is within the demanded premises, and is bounded and
described as follows: ''Commencing at the northwest corner
of the Sans Souci property, as called for, near a shed there;
thence west 7.29 chains; thence south 88 degs. 10 min., west
11.38 chains; then south 86 degs. 30 min., west 10.87 chains,
on the east, south, and west by a line running south from
said northwest corner 17.38 chains; thence north 15 degs.,
west 1.65 chains; thence to west end of the line above de-
scribed as the northerly boundary line of said ranch''; that
plaintiff and defendants have confederated ''to trick him
out of possession of said ranch, by means of a clandestine
suit of ejectment,'' founded on a pretended deed or con-
veyance of said ranch, made by the defendant Owens to the
plaintiff, upon which the plaintiff intends to rely in the
trial of the action; that said deed is a cloud upon his title;
and that the claim based upon it ''is without right, invalid,
and unfounded''; therefore he asked that he be quieted
in his title and possession against said claim, and that Reay,
the plaintiff in the ejectment, be forever enjoined from
prosecuting the action, and from commencing and prosecut-
ing any other action against him for the recovery of said
ranch.

No answer was filed to the intervention by Butler and
Owens. Each made default, and judgment by default was
entered against them. Reay filed an answer containing
specific denials of all the allegations contained in the com-
plaint, and on the 8th of February, 1868, moved to strike
out the intervention, on the ground that the proceeding was

not applicable in an action of ejectment. The motion was denied and he excepted.

The record shows that the case came on for trial on the 25th of February, 1868, before a jury impaneled and sworn to try the cause; that in the course of the trial, upon motion of the intervener, the court over the exception of the plaintiff, discharged the jury, and ordered that the case be put upon the equity calendar for trial by the court sitting without a jury; that afterward, in November, 1869, the intervention was tried and submitted; that no decision was rendered until the 14th of April, 1873, when findings for the intervener were ordered to be "drawn and submitted for settlement"; that the findings were not settled until the 31st of December, 1879, when they were filed, and upon them a decree was entered on the same day, adjudging that "at the time the action of ejectment was commenced the intervener was and still is the owner of the land described in the complaint, and complaint in intervention, and neither the plaintiff nor either of the defendants, Butler or Owens, had or have any right or title thereto and the facts as to the possession and title entitles the intervener to a decree quieting him in his title and possession to the said land in question against the plaintiff"; and "that the plaintiff, J. W. Reay, be, and is hereby, perpetually enjoined from further prosecuting his complaint in ejectment in this case, and from all further proceedings therein in this cause, and from bringing and prosecuting any other action of ejectment for the Speck ranch, the land in the complaint, and the complaint of intervention described against the intervener's servants or tenants by collusion with them not to inform the intervener thereof."

The contention which is made on the appeal is that the court below erred in (1) denying the motion to strike out the intervention; (2) discharging the jury impaneled and sworn to try the case, and refusing to try the original action; (3) ordering the case to be submitted upon the issues joined in the intervention only; and (4) denying the motion to set aside the decision and judgment announced therein. This contention involves the regularity of the proceedings in intervention, and the right of intervention in an action of ejectment.

Assuming that the right existed, we think that the plaintiff in ejectment was entitled to a trial of the issues joined between himself and the defendants, and that he had a right to a trial by jury: Practice Act, sec. 153; Weber v. Marshall, 19 Cal. 447.

The statute under which the intervention was inaugurated required that the complaint be filed before or after the joinder of issue in the original action, and at such a time as would not interfere with or delay the trial thereof: Practice Act, sec. 660; Hocker v. Kelley, 14 Cal. 164. And after joinder of issue in the intervention in the action, it was made the duty of the court to try and decide both issues at the same time. Section 662 of the Practice Act (Stats. 1874, p. 73) declared that "the court shall determine upon the intervention at the same time that the action is decided." Intervention under the statute, therefore, merely results in the addition of a new party or new parties to an original action for the purpose of hearing and determining, at the same time, all conflicting claims which may be made to the subject matter in litigation. It was not intended to change the nature and character of the action itself, or to stop the machinery of a trial thereof. The denial of the right of the plaintiff to a jury trial was therefore erroneous, and the discharge of the jury which had been impaneled and sworn to try the action was irregular. Besides, the intervener did not claim a right to the demanded premises in conflict with the right of entry asserted by the plaintiff in the action of ejectment against the defendants. In his complaint he alleges that he is "owner and in possession of all that part of the demanded premises known as and called 'Speck Ranch' (and otherwise as 'Treadwell's Ranch')," which "is within the demanded premises." He thus asserted a right to only part of the demanded premises, but the court adjudged him to be the absolute owner of all the demanded premises, and perpetually enjoined the plaintiff from prosecuting his action, and from ever thereafter maintaining any other action for the same land. This was error: Hayes v. Martin, 45 Cal. 559. Moreover, the intervener admitted, because he alleged, that he was in the actual possession of all the land which he claimed, under paramount title to it. He was therefore vested with complete pro-

prietorship; and neither between him and the plaintiff in the action, nor between him and the defendants, was there any conflicting claim as to the possession. The plaintiff claimed no right of entry against him, and he claimed no right of entry against the plaintiff nor against the defendants. Ejectment was brought against the defendants only; and they, having appeared by an attorney, with whom there could have been no collusion, because he was the intervener himself, denied the right of the plaintiff to possession, and admitted possession in themselves as licensees of their landlord, the intervener. The right of possession was, therefore, the only matter at issue between them and the plaintiff. No ejectment is maintainable where a plaintiff has not a legal right of entry against defendants named in the action. The intervener was not named as a party. He was not, therefore, connected in any way with the matter at issue between the parties. He did not claim to have derived title to the demanded premises from either the plaintiff or defendants, or either of them; and he did claim to be in actual possession and vested with title paramount to both. In ejectment, a person who is no way connected with the right of possession asserted by the plaintiff or the defendant, but, on the contrary, alleges title in himself paramount to both, has no right of intervention: Porter v. Garrissino, 51 Cal. 559.

Upon the allegations of his complaint the intervener had no cause of intervention. The alleged facts may have constituted a direct cause of action in equity under section 254, Practice Act, independent of the ejectment suit. Intervention was therefore unnecessary, because, as the intervener had appeared as attorney for the defendants, he could have defended the action for them; or, if it were possible, under the circumstances of his appearance as their attorney, to have presumed collusion between the plaintiff and his clients as his tenants, he, as landlord, could have had himself substituted as a codefendant with them, or as a defendant in their stead: Dutton v. Warschauer, 21 Cal. 619, 82 Am. Dec. 765; Valentine v. Mahoney, 37 Cal. 389. Otherwise, having no personal connection with the question at issue in the case, there was no way in which he could be prejudiced or his rights affected by any judgment therein, unless in assuming the defense he himself put the title in issue: Russell v. Mallon, 38 Cal. 259;

Valentine v. Mahoney, 37 Cal. 389. And that being the case, the right of intervention was inapplicable: Horn v. Volcano Water Co., 13 Cal. 62, 73 Am. Dec. 569.

Whether intervention is applicable at all to an action of ejectment it is not necessary in this case to determine. As we have already announced, where a person does not claim to have derived title from the plaintiff or defendant in the action, and does assert title in himself paramount to both plaintiff and defendant, there can be no intervention: Porter v. Garrissino, supra.

Judgment and order reversed and cause remanded for further proceedings.

ROSS and McKINSTRY, JJ., Concurring.—We concur in the judgment, and in what is said by Mr. Justice McKee down to the words "moreover, the intervener admitted," etc. We also agree that the facts stated in the complaint of Treadwell are insufficient to show a cause of intervention on his part in the action of ejectment.