William Maas and Others, Suing on Behalf of Themselves, etc., Plaintiffs, *v.* Francis Sullivan and Others, Defendants.

Supreme Court, New York Special Term, December 24, 1924.

Corporations — representative action by bondholders — motion by another bondholder to intervene — not defense to motion that intervenor did not sign reorganization agreement with original plaintiffs — petitioner has right under Civil Practice Act, § 193, to intervene — fact that petitioner's claim may be barred by statute does not deprive her of right to intervene.

In a representative action by bondholders of a corporation who had signed a reorganization agreement and surrendered their bonds to the reorganization committee, another bondholder who had not entered into the reorganization agreement is entitled, under section 193 of the Civil Practice Act, to intervene in the action, and it is not a defense to her motion that she had not executed the reorganization agreement.

The fact that petitioner's claim may be barred by the Statute of Limitations does not deprive her of the right to intervene, for she is entitled to intervene as of the date of the commencement of the action and, if her rights were not barred then, they will not be barred at the time of her intervention.

Moreover, the very circumstance that there may be a defense to the individual claims of the original plaintiffs based on the reorganization agreement is a

further reason why the intervenor should be permitted to assert her own rights and those of other bondholders who have not become parties to the reorganization agreement.

MOTION to intervene as party plaintiff in a representative action.

*Jenks & Rogers* [*Gustavus A. Rogers, Eugene W. Small* and *Gardiner Conroy* of counsel], for the plaintiffs and intervener.

*Nicoll, Anable, Fuller & Sullivan* [*Delancey Nicoll* and *J. Tufton Mason* of counsel], for the defendants Sullivan and others.

*Davies, Auerbach & Cornell* [*Joseph S. Auerbach* and *Charles H. Tuttle* of counsel], for the defendant August Belmont.

*William A. Carlisle* of counsel, for the defendant Juilliard Estate.

PROSKAUER, J.:

Plaintiffs bring a representative action on behalf of themselves and all other bondholders of the Interborough-Metropolitan Company similarly situated. Ernestine Mauzer, also a bondholder, moves to intervene as a party plaintiff. Defendants urge that she is not similarly situated with the plaintiffs. All were originally holders of the same kind of bonds. Plaintiffs, however, surrendered their bonds to a reorganization committee and, according to the defendants' claim, thus changed their status. The intervener did not sign the reorganization agreement. The signature of the reorganization agreement by the plaintiffs may or may not constitute a complete defense to their claim against the defendants. They assert in their complaint the rights of these bondholders as a class. Even a successful denial by defendants that plaintiff ever owned any bonds would hardly defeat the right to intervene. The question is whether she is " a person not a party to the action " who has " an interest in the subject thereof." (Civ. Prac. Act, § 193.)   That the plaintiffs may possibly have lost their own rights cannot deprive her of the mandatory relief to which she is entitled under this action.

The application is resisted also on the ground that her claim is barred by the Statute of Limitations and that she would be acquiring by intervention some right to defeat that statute which she would not otherwise have. The questions concerning the statute are exceedingly difficult and should not be determined on motion. Where, however, a representative action is brought it must " for the purpose of the statute of limitations * * * be treated as if all the stockholders were plaintiffs.  *  * · *  The suit having been commenced for their benefit in which full and adequate relief could have been given to them, their rights would not have been

barred by any lapse of time if they had not come in as plaintiffs." (*Brinckerhoff* v. *Bostwick*, 99 N. Y. 185, 194.)

In *McArdell* v. *Olcott* (62 App. Div. 127, 129) no fact was stated " indicating any change in the attitude of the plaintiff with reference to the conduct of this action which renders it essential that petitioner be admitted to protect his rights." Here the very circumstance that there may be a defense to the individual claims of these particular plaintiffs is an added reason why the intervener should be permitted to assert her own rights and those of other bondholders who have not become parties to the reorganization agreement.

Motion granted.     Settle order on notice.