[Civ. No. 8654.   Second Appellate District, Division Two.—October 9, 1934.]

W. C. SMITH, Respondent, v. BOARD OF POLICE COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Appellants.

Ray L. Chesbro, City Attorney, Erwin P. Werner, City Attorney, Frederick von Schrader, Assistant City Attorney, and G. Ellsworth Meyer, Deputy City Attorney, for Appellants.

Sparling & Teel for Respondent.

SCOTT, J., *pro tem.*—Respondent, a used car dealer, sold a used automobile to a customer under circumstances which caused appellants to conduct a hearing and make an order under Los Angeles City Ordinance No. 69620 suspending respondent's permit for thirty days. On *certiorari* to the superior court judgment was there rendered which was at first incorrectly transcribed in the record presented to this court, but which as corrected reads in part as follows: "The court having considered said petition and return and the facts and issues thereunder and thereby established and raised, and the law applicable thereto, the court being of the opinion that the ordinance is valid but that the judgment is not sustained by the evidence," and the order of the board was thereupon annulled and it was enjoined from further proceedings.

In the original writ, after reciting the fact that an order had been made by the board suspending the license of this respondent for one month, it is stated: "Whereas it has been further represented to this court by said petitioner that said order is erroneous and unlawful and void for reasons set forth at length in said petition, and which fully appears from said petition on file herein, reference thereto being hereby made." Attached to the petition as an exhibit is a transcript of testimony taken at the hearing before the board. It is suggested by appellants that this transcript of evidence was incomplete, although its accuracy is not questioned. No other record of evidence appears to have been submitted to the lower court. We may assume that this recorded testimony furnished a basis for the trial court's determination. The writ itself is part of the judgment-roll, and when it specifically refers to such matters in the petition it would be unreasonable to conclude that the trial court ignored the contents of the petition, which by reference was a part of the writ. Our attention has not been directed to any evidence which was before the court at the time of the hearing on the writ which would contradict, amplify or explain the evidence as contained in the transcript of testimony above referred to.

The return sets out the decision of the board, the essential finding being as follows: "Evidence submitted to the commission established the fact beyond a reasonable doubt that two men, acting as agents of the defendant W. C. Smith,

deliberately misrepresented the condition of the car which they sold to plaintiff, Mrs. Alberta Glass. The statement was made by these agents that the car was practically new, saying it had been driven a distance of only 125 miles. As a matter of fact, evidence submitted and not denied proved that the car originally had been purchased in Michigan and driven from that state to California, where the license plates purchased in Michigan were discarded and California plates substituted therefor. It is obvious that when this car was sold to the plaintiff as a car which had traveled only a little more than 100 miles, a deliberate fraud was perpetrated upon the purchaser." This finding is contrary to the testimony of the customer, Mrs. Glass, who testified that "there was 54 miles on it (referring to the car) when it was delivered", and further responded as follows: "Q. What was the price quoted on the car? A. I don't know that. Q. Second hand car? A. New. Q. Do you know whether it was a second hand car? Was it sold to you as a new car? A. The car was sold in Detroit and driven here. Q. Did anyone tell you? A. Yes. Q. Who told you that? A. Mr. Randall and Mr. Curtis." The latter two were agents of respondent and were referred to in the decision of the board.

■ Since the above-quoted finding of the board is contrary to the record of evidence as presented to the trial court, we cannot say that the latter erred in concluding that the evidence was insufficient and in entering judgment annulling the order of respondent board. We may not consider evidence which might have supported some finding which was not made, unless it also supports the finding actually made. The order of the board citing Smith before it for hearing did not charge any specific unlawful acts, but merely alleged a violation of the ordinance in general terms. There could be no inference drawn that the board intended to refer to the citation to amplify the language of its findings. We are compelled to conclude, therefore, that the finding quoted herein is the sole basis of the board's decision, and being without evidentiary foundation is fatal to that tribunal's jurisdiction. ■ When the board has power to act only upon given facts, and there is no evidence whatever to show the existence of those facts, a finding that they do exist cannot foreclose inquiry by a court under a writ of *certiorari*. Where the evidence is all one way and

the finding is to the contrary, the question becomes one of law, reviewable in such a proceeding, and a decision of the inferior tribunal without any evidence to support its finding cannot be upheld. (*Great Western Power Co.* v. *Pillsbury,* 170 Cal. 180 [149 Pac. 35].)

Judgment affirmed.

Stephens, P. J., and Desmond, J., concurred.