CARLOS M. LÓPEZ, Petitioner and Appellant, *v.* REXFORD G. TUGWELL, GOVERNOR OF PUERTO RICO, ET AL., Respondents and Appellees.

No. 8616. Argued June 8, 1943.—Decided September 23, 1943.

*Angel M. Villamil* and *Pedro J. Alcalá* for appellant. *M. Rodríguez Ramos, Acting Attorney General,* and *G. Benítez Gautier, Deputy Attorney General,* for appellees.

Mr. Justice De Jesús delivered the opinion of the court.

A charge was brought against the petitioner before the Insular Police Commission which may be briefly outlined thus: On or about February 28, 1939, appellant was rendering services in Caguas as a policeman, second class. On said day he and his colleague Carmona, I. P. No. 598, arrested Martín Torres Rodríguez in that city for a violation of the *Bolita* Act. The charge was verified by Carmona and signed by the petitioner as a witness. On July 10, 1939, a trial was held against Torres Rodríguez in the Municipal Court of Caguas, presided by Judge Tulio Rodríguez. Petitioner herein failed to appear because he was performing other duties in Arecibo, and the court postponed the hearing for two days later in order to hear his testimony. At the beginning of the trial which was held two days before said postponement, policeman Carmona testified that he had identified the defendant as the person whom policeman López, that is, petitioner herein, and he had arrested 5 months previously and from whom they had seized an implement used in the game known as "boli-pool." But when petitioner was called to the witness stand and asked if he knew the defendant, he testified that that man was not the one he had arrested. As a result of this, as alleged in the charge, a doubt arose as to the guilt of the defendant for which reason the municipal judge acquitted him.

A hearing was held before the Insular Police Commission with only two of its members being present, due to a vacancy that had not been filled at that time, and the petitioner was found guilty and discharged from the Insular Police. He appealed to the Governor, pursuant to §9 of the Act providing for the Organization, Regulation, and Government of the Insular Police, as amended by Act No. 150 of May 9, 1938 (Laws of 1938, p. 329), who affirmed the decision of the Insular Police Commission. The petitioner then instituted a certiorari proceeding in the lower court to re-

view the decision thus affirmed by the Governor, all in accordance with §9 *supra,* and judgment was rendered dismissing the petition for certiorari and quashing the writ issued. In order to review that judgment petitioner has taken the present appeal.

 The first error assigned by the appellant is that the lower court decided that within the certiorari proceeding it lacked jurisdiction to review the sufficiency of the evidence presented to the Insular Police Commission. It is a well-settled rule of administrative law that the courts, upon reviewing decisions of administrative boards or tribunals, will not disturb the conclusions reached by the latter in weighing the evidence; but this does not relieve the court of its duty to examine the evidence in order to determine whether it justifies or lends any support to the findings of the administrative tribunal, even though the court should have reached a different conclusion from that of the administrative tribunal, had it heard the evidence originally. The citation of *Jackson* v. *The People,* 9 Mich. 111, made with approval in *Mayagüez Sugar Co.* v. *Court of Tax Appeals,* 60 P.R.R. 737, is fully applicable to the question at bar:

"The office of a certiorari is not however to review questions of fact, but questions of law. And in examining into the evidence the appellate court does so not to determine whether the probabilities preponderate one way or the other, but simply to determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved, whether that inference would or would not have been drawn by the appellate tribunal."

We must bear in mind that under §9, *supra,* authority was conferred on the Insular Police Commission to impose penalties, including the removal of the policeman after an investigation and a decision of the charges preferred against the employees of the Insular Police, but this authority was not to be exercised arbitrarily; it had to be based on competent evidence sufficient to support its findings. Otherwise,

this delegation of power would violate the constitutional guarantee of due process of law provided by §2 of our Organic Act. This being so, in order that the Commission may have jurisdiction to punish a member of the Insular Police, a hearing must be held where the respondent should have an opportunity to be present, to contradict any evidence introduced against him, to adduce any competent evidence material to his defense, and finally there should exist sufficient evidence to support the findings of the Commission. See the cases of *Smith* v. *Board of Police Commission*, 36 P. (2d) 670; *Garvin* v. *Chamber*, 232 Pac. 696, cited, among others, in petitioner's brief.

We shall now examine whether there exists any evidence which supports the decision of the Commission.

The evidence for the prosecution may be outlined thus: On February 28, 1939, the petitioner and his fellow officer Concepción Carmona, arrested Martín Torres in the city of Caguas for a violation of the *Bolita Act,* and seized on the person of the petitioner 17 cents and some "boli-pool" tickets. They took Torres to headquarters where a complaint was drawn up and thereafter policeman Carmona took the defendant to jail and petitioner filed the complaint in the Municipal Court. When the case was called for trial 5 months later, the petitioner was in Arecibo performing some duties of his office, for which reason the Municipal Judge, after hearing the testimony of policeman Carmona, postponed the case for two days later, at two o'clock in the afternoon, when petitioner was expected to have returned to Caguas. The trial was continued and when the appellant herein was called to the witness stand and asked if he knew the defendant, he answered that he did not look like the person whom he had arrested in connection with the case on trial. The Municipal Judge acquitted the defendant and then called the District Chief of Caguas and suggested that an investigation be carried out in connection with the peti-

tioner's conduct. The chief made an investigation wherein the Municipal Judge and the petitioner testified. As a result of this investigation charges were preferred against the petitioner which have given rise to this proceeding.

At the hearing held before the Insular Police Commission it was proved beyond a reasonable doubt by the testimony of policeman Carmona, of defendant Martín Torres, and of petitioner, that when Martín Torres was arrested on February 28, 1939, he was wearing his working suit which was soiled and of poor appearance and was wearing dark glasses, and that on the day of the trial in the Municipal Court the same Torres appeared well-dressed and without glasses, the latter being corroborated by the Municipal Judge himself who, upon being called to testify by the petitioner, stated that when the defendant appeared before the Municipal Court he was dressed more or less as when he testified before the Commission and that he wore no glasses. The Municipal Judge further testified before the Commission, that a certain Mariano Sánchez had also been prosecuted for a violation of the *Bolita* Act; that policeman Carmona, complainant in said case, testified that he had seized certain gambling implements found on the person of Mariano Sánchez; that the petitioner, who was the other witness for the prosecution, testified that the implements had been found on the floor, and that for this reason the judge had to acquit the defendant. That when the Commission asked the judge why he had not prosecuted him for perjury on that occasion, he stated: "Because there were two witnesses *and one of them said one thing and the other something different; so that the court did not know who was telling the truth.*" However, see §18 of the Law of Evidence.

In his testimony petitioner satisfactorily explained, in our opinion, what had happened in the municipal court. He described the appearance of Torres when he was arrested, that is, in his working suit, dirty, wearing dark glasses;

that he had been near him only during such time as it took them to go from headquarters to the jail and to draw up the complaint; that he had never met him before and had not seen him again until 5 months later when he appeared in the municipal court well-dressed and without glasses.

The evidence presented before the Commission was entirely consistent with an honest conduct worthy of a dependable and dutiful officer. Something which really aids in disguising the features of a person is the use of dark glasses. It is a trick commonly used by criminals in order to conceal their identity. It is natural, and it often happens, that a person who sees another one for the first time and for a brief moment, wearing dark glasses and in working clothes, is unable to identify him after more than 5 months have elapsed if he is well-dressed and without glasses.

It does not appear from the record that the Municipal Judge made the least effort during the trial to refresh the memory of the witness and, under the circumstances, it is not logical or fair to consider the conduct of the appellant as if he had maliciously lied in order to favor the defendant whom he himself had arrested. Nor can it be held against him what happened in the case against Mariano Sánchez, if said evidence should be held admissible within the charges preferred. The Municipal Judge himself, although he saw and heard both policemen testify, admitted that he did not prosecute the appellant because he could not determine who of the two was telling the truth. And if the Municipal Judge admits this himself, on what ground could the Commission determine, without any other evidence, that it was the appellant and not policeman Carmona who at that time had failed to state the truth?

Since the decision of the Commission is not supported by the evidence, it abused its discretion in rendering said decision as it did. Consequently, the petition for certiorari is granted, and the judgment appealed from should be reversed

and another rendered instead, which should have been entered by the lower court, reversing the decision of the Insular Police Commission of Puerto Rico and ordering the reinstatement of the appellant in his office of insular police, reimbursing the salary accrued which he has failed to receive from the time of his removal to that of his reinstatement, with costs on the appellee.

Mr. Justice Snyder did not participate herein.