[Civ. No. 16147.   Second Dist., Div. Two.   Mar. 8, 1948.]

ARTHUR L. FELICE, Appellant, v. CITY OF INGLE-
WOOD et al., Respondents.

Lyons & Lyons for Appellant.

Clyde Woodworth for Respondents.

WILSON, J.—Appellant filed a petition with the city council of respondent city of Inglewood for a permit to engage in business as a used automobile dealer. After public hearings by the council, at which evidence was offered and received, the permit was denied. Appellant applied to the court for a writ of mandate to compel the granting of his petition. An alternative writ was issued in response to which respondent,

by way of return thereto, filed a demurrer to appellant's amended petition, accompanied by an "offer and submission by defendants of all documents and instruments on file in response to order to show cause." The "offer and submission" was filed "as a part of their response, answer and showing of cause" and recited that defendants thereby offered and submitted "each, all and every one of the various documents, affidavits, instruments and proceedings heretofore presented and filed in the within action on behalf of the defendants in making their answer, response and showing of cause to the court . . ." The affidavits were sworn to before a notary public and the documents, instruments and proceedings were certified by the city clerk, under the seal of the city, to be true and correct copies of the originals on file.

A hearing was had on plaintiff's amended petition, on the demurrer thereto, and on the alternative writ of mandate. Following the hearing the court entered a minute order overruling the demurrer, denying a peremptory writ, discharging the alternative writ, and ordering judgment in favor of defendants. The court made and filed findings of fact and conclusions of law which recite that the cause came on for hearing on the demurrer to the first amended complaint and on the alternative writ of mandate, and that in conducting the hearing the court "considered the Plaintiff's First Amended Complaint or Petition and all supporting documents and evidence presented and submitted by the plaintiff, and . . . the response of the defendants and all documents and evidence presented and submitted by defendants in making their response, answer and defense in said matter."

Judgment was entered discharging the alternative writ of mandate, denying a peremptory writ, and adjudging that plaintiff take nothing and have no relief in the proceeding. The appeal is from the judgment.

1. The first ground presented for reversal is that the judgment is erroneous for the reason that no verified answer was filed after the demurrer was overruled, and no trial of the issues was had. The "offer and submission" of affidavits of respondents and certified copies of documents, instruments and proceedings filed contemporaneously with the demurrer as an "answer and response," although not conforming to standard practice, must, in the absence of objection made by appellant at the time of the hearing, be construed both as an answer to the petition for a writ of mandate and as evidenti-

ary matter relating to the issues raised by the petition. Since they were filed for the purpose of controverting the allegations of the petition and of stating matters in defense thereof, and the record does not disclose that appellant (1) objected to the filing of the various affidavits and documents, or (2) objected to their consideration by the court upon the hearing, either as denials of the allegations in the petition or as defenses thereto, or as evidence controverting the same, or (3) requested leave to file affidavits answering or denying any of the affidavits and documents presented by respondent, or to offer evidence in denial thereof, it must be assumed that he was satisfied with the record and was willing to submit the case to the court without further pleadings or evidence. In overruling the demurrer the court held that the amended petition stated a cause of action, but the findings and judgment were based on the evidence contained in the several affidavits and documents and were against the contentions of appellant. In other words, appellant's pleading was good but the evidence was against him. This case is not different from any action at law in which a complaint states a good cause of action but the evidence fails to sustain the allegations.

Appellant's assertion in his brief that he did not stipulate that the proceeding should be heard on the affidavits and documents to which reference has been made finds no support in the record. The recital in the findings above quoted and the declaration in the judgment that ''documentary evidence having been introduced, and the matter and the issues involved argued and submitted for decision'' is conclusive that no objection was made to the procedure followed. Appellant had the privilege and opportunity of presenting evidence on his own behalf and of controverting that presented by respondents but failed to take advantage of his opportunity.

The appeal is on the judgment roll. If appellant was dissatisfied with the action of the court in deciding the case and rendering judgment on the record before it at the hearing his objections should have been presented to the trial court by a motion for a new trial, supported by affidavits stating the facts as to whether he consented or objected to the procedure adopted by the court. No affidavits having been filed indicating that appellant did not approve the submission of the cause in the manner above described, we must accept the declarations of the court as found in the findings and judgment.

■ Although we have treated the affidavits and documents in the form tendered by respondents as an answer to the amended petition, we do not approve the unorthodox method of presenting the defense adopted in this case as an example of good pleading, for it is not, and it should not be followed in similar proceedings. There seems to be a belief in the minds of some persons that section 1094.5 of the Code of Civil Procedure, adopted in 1945, changed the established procedure in mandamus proceedings that are prosecuted for the purpose of reviewing the actions of administrative boards. Such is not the case. In a mandamus proceeding, as in any other case, an answer should be filed denying such allegations as the defendants do not admit to be true and setting up any matters of defense on which they rely. In this manner the issues that the court is called upon to decide are clearly presented. It is, of course, proper to file affidavits and copies of records in response to the alternative writ or the order to show cause as evidence in refutation of the allegations of the petition or as proof of the defensive matters pleaded in the answer. Unless objection be made such affidavits and records are to be considered as evidence and if not controverted by counter-affidavits or by oral evidence offered at the hearing their contents will be deemed to be true.

■ 2. Appellant contends that since the city council found nothing against his character or reputation and nothing militating against the issuance of the permit because of the proposed location of the business the denial of the petition was arbitrary and that the finding of the court that the action of the council was not arbitrary, unreasonable or capricious is not sustained by the evidence.

It is conceded that the application for a permit was in proper form, that no evidence was introduced at the hearing before the city council with regard to petitioner's character, reputation or standing in the community, and that the proposed location of the business was in a zone in which a used motor vehicle business might be conducted. Notwithstanding these facts the council was not obliged to grant the permit. The granting of appellant's petition was not a matter of right which he could have for the asking. Upon the hearing of such applications as the one under consideration the city council may determine the suitableness of the place for the business even though it may be in a zone in which such a business may be lawfully maintained, ■ and the refusal of the permit

does not take away a property right of the applicant. ▮▮▮▮
If it is not a proper place for the business a permit need not
be granted. (*Reed* v. *Collins,* 5 Cal.App. 494, 500, 502 [90 P.
973].) That the filing of an application for a permit vests no
property right or other right in the applicant is established by
decisions to the effect that a zoning ordinance adopted after
an application for permit is filed which prevents the operation
of the proposed business is an effectual bar to the granting of
the privilege. (*Sunny Slope Water Co.* v. *City of Pasadena,*
1 Cal.2d 87, 91 [33 P.2d 672] ; *Wheat* v. *Barrett,* 210 Cal. 193,
197 [290 P. 1033] ; *Brougher* v. *Board of Public Works,* 205
Cal. 426, 432 [271 P. 487].)

Cases cited by appellant in which the council or board con-
ducted no formal hearing (*Martin* v. *Board of Supervisors,*
135 Cal.App. 96 [26 P.2d 843]) or acted contrary to the evi-
dence (*Smith* v. *Board of Police Commrs.,* 1 Cal.App.2d 292
[36 P.2d 670] ; *Peters* v. *Sacramento etc. System,* 27 Cal.
App.2d 10 [80 P.2d 179]) or the official whose duty it was
to pass on the application did not hear or read the evi-
dence (*Morgan* v. *United States,* 298 U.S. 468 [56 S.Ct. 906,
80 L.Ed. 1288]) are of no aid to appellant since in the instant
case the city council conducted a hearing, heard evidence and
acted thereon.

▮▮▮▮ That the action of the council was not arbitrary or
capricious nor directed specifically against appellant is indi-
cated by its previous actions relating to similar businesses.
Prior to the filing of appellant's application for a permit
an application, filed by another party for a permit to
conduct a like business at the same location, had been de-
nied. Furthermore, before appellant's application was filed
the city council had adopted a resolution reciting that it had
received overtures for the establishment of automobile used
car sales lots on Manchester Boulevard between Prairie
Avenue and the easterly city limits [this included the property
covered by appellant's application] and had received numer-
ous petitions from residents along and near that portion of
Manchester Boulevard protesting against the granting of
permits for such purpose, and that the processing of such
applications consumed large amounts of time of all parties
concerned and involved considerable items of expense. There-
fore the council resolved that it would not be disposed to
look with favor upon applications for used car lot purposes on
said portion of Manchester Boulevard; that nothing contained
in the resolution should be construed as indicating what the

decision of the council might be upon a proper showing, but that the council intended merely to inform the general public of its attitude to the end that insofar as reasonably possible the time of the council and of the general public and the resources of the city and of individual citizens might be conserved. Appellant was conversant with the stand taken by the council and made his application with full knowledge thereof. He therefore cannot complain by reason of the fact that the filing of his application did not cause the council to reverse the attitude expressed in the resolution.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.