[Civ. No. 13727. First Dist., Div. Two. July 2, 1948.]

In re YOKOHAMA SPECIE BANK, LTD. (a Banking Corporation), in Liquidation. K. KAWAHARA et al., Appellants, v. THE YOKOHAMA SPECIE BANK, LTD. (a Banking Corporation) et al., Respondents.

Alfred Gitelson, Robert Ashton and Dinkelspiel & Dinkelspiel for Appellants.

S. M. Saroyan, Shirley, Saroyan, Shearer & Sullivan, Loeb & Loeb and Walter S. Hilborn for Respondents.

NOURSE, P. J.—Petitioners appeal from the order denying their petition to intervene in a proceeding in which the liquidator of the San Francisco and Los Angeles offices of the above bank petitioned for leave to pay an 80 per cent dividend on claims against those offices, and from the order granting such petition of the liquidator.

From the petition of the liquidator it appears that the Yokohama Specie Bank (hereafter called the bank) was a Japanese corporation authorized to do a deposit banking business in California pursuant to section 7 of the Bank Act,

1 Deering's General Laws, Act 652 [Stats. 1909, p. 89 as amended]. It maintained in California a principal office in San Francisco and a branch office in Los Angeles. Immediately after the outbreak of the war with Japan in December, 1941, the superintendent of banks took possession of the bank's California offices under sections 135c and 136 of the Bank Act. Subsequently he became conservator of them and on March 13, 1945, the San Francisco Superior Court terminated the conservation proceedings and ordered liquidation under section 136, *supra,* the superintendent of banks then becoming liquidator. On June 1, 1945, the liquidator gave notice in accordance with the statute that claims against the two California offices should be filed within four months after June 1, 1945.

Section 7 of the Bank Act contains provisions requiring a foreign bank to assign a certain part of its capital to the business in this state and to keep its California business and the capital, funds and deposits, accounts and transactions belonging to it separate and apart as if the California business were a separate corporation. Section 136 contains provisions requiring all claims against a corporation of which the superintendent has taken possession to be presented in writing, verified, within four months after the first publication of notice; any claim not so presented is declared forever barred, (with an exception, however, for "any deposit claim, appearing upon the books of said bank to be a valid claim"; such claim if presented after the time fixed shall be entitled to share in any dividends declared subsequent to the presentation). If the superintendent of banks rejects a claim presented he must serve notice of rejection on the claimant who must bring action within six months after service.

The liquidator's petition for distribution of dividends on approved claims was filed July 14, 1947; hearing was set for July 28th, but on request of appellants was postponed to August 5, 1947. On August 4, 1947, appellants filed their petition for leave to intervene for themselves and as representing others similarly situated, all holders of "yen certificates" which total the sum of more than $10,000,000. They allege they are creditors of the California offices of the bank because of United States money deposited therein for which they were given as evidence "Fixed Deposit Certificates" (in yen) a specimen of which is affixed to the petition. This specimen certifies that a certain amount in yen has been remit-

ted in the name of the client to the head office in Yokohama to stand there for a fixed period of..........months at an interest of............per cent, principal and interest to be payable when due *only at the head office in Japan* upon surrender of the certificate; the contract to be governed by the laws of Japan. The certificate, however, "may be purchased at the request of the depositor, but at the option of the purchaser, by a branch office abroad, the place of payment, however, remaining unchanged." The petition alleges that there were oral agreements that the amounts so deposited at a California office would be repaid when due at such California office in United States money, and that this would also be done in the meantime on demand of depositor; that this had been done regularly for many years and that a custom to that effect had been formed between the bank and its depositors. That some holders of such yen certificates had filed claims with the superintendent of banks but that he has not approved them. That there were more than 5,000 depositor creditors similarly situated with a total amount of deposits due and unpaid of over $10,000,000. It is not alleged that the four individual petitioners, or in general those whom they wished to represent, have followed the procedure of section 136 of the Bank Act, have timely filed claims, which have been rejected, or that they have timely brought or bring action upon those rejected claims.

The next day at the hearing the liquidator did not file an opposition to the petition but answered orally that the petitioners had not complied with the provisions of the Bank Act and were not depositors in the California branches but in the Yokohama home office; that they could have made dollar deposits in the California branches, but preferred the yen deposits in Yokohama because of the much higher rate of interest. The California branches acted in these transactions as agents of the home office as any other bank could have done. Petitioners did not object to the oral answer but, when the liquidator wished to develop his position by witnesses, their attorney declared, "Your Honor, we were not prepared to contest factual matters at this time." However, the court ordered the liquidator to go ahead. No further objections to the proceedings or the hearings of witnesses were made, and petitioners cross-examined witnesses and made an offer of proof that the books and records of the California offices show who received yen certificates and whether they still were outstanding, which offer was rejected by the court.

The evidence of the officials in charge of the San Francisco and Los Angeles branches showed that there were no yen accounts in either office; that a person who wanted to make a yen deposit would sign an application, give dollars, the amount of yen would be figured out according to the rate of exchange and yen certificates would be immediately issued and booked as "Drafts sold," the amounts on which account would in due time be transferred to the home office. If a holder wanted to cash a yen certificate, the California branch would purchase it in dollars at the rate of exchange, pay it, and book it as "Bills Bought," also finally for the account of the home office. No individual accounts were set up in any California office for any of the purchasers of yen certificates, whereas the purchaser of a dollar account would have an individual account in his name in one of the California offices. Four or five holders of yen certificates presented claims during the four months presentation period but they and the public were informed that there were no funds in the hands of the liquidator with which to pay yen deposits. None of these individual petitioners was among those who presented claims; they did not bring action, and their names do not appear on the California books except one who appears with a dollar account, the claim as to which was allowed. It was stipulated that the purchasers of yen deposits were not given individual notice as depositors of the time for presentation of claims under section 136, Bank Act.

After memoranda of points and authorities had been filed by petitioners and in opposition by the liquidator and by certain creditors of the California branches the court made its order denying petition for leave to intervene on the basis of findings in substance as follows: 1. Petitioners have been guilty of unreasonable delay and laches in asserting their claims, causing prejudice to the liquidator and creditors of the California offices. 2. The yen certificates do not represent deposits in the California offices of the bank and petitioners are not depositors in them. 3. The claims of the petitioners do not appear as valid in the books of the California offices and petitioners have no accounts therein. 4. The yen certificates represent deposits in the Yokohama office of the bank and are payable there. 5. . . . 6. The California offices regularly issued yen certificates as agents of the Yokohama office for its account and the funds they so received were transferred to the Yokohama office on the interoffice accounts. 7. Branch offices of the Yokohama office, including the Cali-

fornia offices, had the option of purchasing yen certificates; many of said certificates issued by the San Francisco or Los Angeles offices of the bank for the account of the Yokohama office were purchased by other branches of said bank, but were never charged to the account of the California branches of the bank; the San Francisco and Los Angeles offices often purchased yen certificates but all such purchases were charged against the account of the Yokohama office. 8. The four-month period for presentation of claims under the Bank Act expired on October 1, 1945; none of the petitioners filed a claim; claims on yen certificates filed by others were rejected and no suit was instituted on any of them. 9. All excess assets of the California offices of the bank remaining after payment of allowed claims of creditors of said offices have been vested in the alien property custodian and his powers have been transferred to the Attorney General of the United States.

Appellants contend that the court below erred in not first and separately deciding appellants' right to intervene on the basis of the allegations of their petition which prima facie show a direct interest in the pending proceedings. They alleged that they were depositors in the California branch offices and as such were entitled to participate in the intended distribution. No pleading in opposition had been filed. They argue that the right of a party with a sufficient interest to intervene is absolute and a matter of right; that it was against due process to go into the merits of petitioners' right together with those of the principal proceedings before appellants' right to intervene had been decided and they had had opportunity to plead and to prepare for trial in the principal proceedings, and that the question whether appellants' claims were barred by the statute of limitations or laches cannot be investigated and decided on the petition to intervene, citing *Maas* v. *Sullivan*, 124 Misc. 295 [207 N.Y.S. 181]. Moreover, also on the merits they contend they were entitled to participate in the California assets, that their claims were not barred, and that, as holders of certificates of deposit, they were depositors of the bank and come under the depositors' exception to the four months terms of presentation of the Bank Act. To complete the statement of the questions raised, we here state without comment the minor points advanced by petitioners: The petition constituted presentation prior to the intended distribution so that they were entitled to participate. The practice of the California offices as to

the issuance and purchase of yen certificates caused these transactions to be dollar transactions with these offices. Examination of the books and records would show these transactions and also that the records contain the date, number and amount of certificates of each transaction. The statutory requirement that the claim appear on the books as valid need not be fulfilled by a listing by name; it is sufficient that the certificates held are listed as having been sold by the California offices. The money received by the California branches in these transactions was not actually sent to Japan but only accounted for by book entries. The treatment of dollar certificates and yen certificates was the same—both were paid and repaid in dollars. Petitioners were such indispensable parties that the court should have ordered them made parties of its own motion.

Respondent bank and its liquidator argue: A. The right to intervene is not absolute but can be lost by unreasonable delay and laches and is left to the sound discretion of the trial judge. The delay in the present case is not explained by appellants either below or on appeal.

B. The intervention proceedings try to circumvent the procedure of section 136, Bank Act, meant to provide an orderly and speedy distribution of assets in liquidation, which procedure is comprehensive and exclusive. Action can only be brought on a claim rejected. Before rejection any action is premature. The procedure as to claims under the Bank Act is analogous to the filing of claims in probate. In California a complaint against an executor fails to state a cause of action unless it is alleged that the claim has been presented within the time allowed by the Probate Code. As their claims were barred by failure of timely presentation they had no interest entitling them to intervene. The statutory requirement of presentation within four months is not a statute of limitations but a substantive condition precedent (citing *Zuroff* v. *Westchester Trust Co.*, 273 N.Y. 200 [7 N.E.2d 100, 109 A.L.R. 1401], under an almost identical statutory provision), without fulfillment of which there is no right whatever against the liquidator.

C. The petition of appellants with the conditions of the appended yen certificates clearly showed on its face that appellants were not depositors in the California offices of the bank but in the Yokohama office. Custom and usage cannot vary the terms of a clear and unambiguous contract. The parol evidence rule debars evidence of the alleged oral agree-

ments in conflict with the express terms of the yen certificates. The evidence proved that appellants were not local dollar depositors; payment and repayment were only in dollars according to the changing rate of exchange. As they were not depositors in the California offices they had no right to participate in distribution from the assets of those offices and did not come under the exception to the four-month presentation requirement for depositors with valid book claims; claims on yen certificates should be asserted against the office of alien property only.

D.  As the petition did not state facts entitling intervention the court should deny it both below and on appeal, even without a demurrer. If the procedure in the court below did not conform to standard practice the defect was waived by failure to object to and cooperation in it. *Felice* v. *City of Inglewood,* 84 Cal.App.2d 263 [190 P.2d 317]. Appellants were not prejudiced as the court decided after submission of points and authorities and the decision could never have been otherwise as the facts which appellants alleged and those they offered to prove, even if true, would not establish an interest entitling them to intervene.

E.  The appeal from the order granting the liquidator's petition for leave to pay a dividend must be dismissed as appellants are not parties to these proceedings.

It would serve no useful purpose to compose an extended treatise concerning the major and minor points raised by the respective parties. Academically some of them appear debatable, but none of them can stand against the unescapable conclusion that, for the three reasons hereinafter noted, there was no prejudicial error in the proceedings under review, and therefore the order should not be disturbed.

■  (1)  On June 1, 1945, the liquidator caused notice to creditors to be published in full accord with the provisions of section 136 of the Bank Act. None of the petitioners for leave to intervene filed a verified claim based on his yen certificate and no holder of a yen certificate has filed suit against the liquidator based on a yen certificate. For these reasons none of the petitioners had any right to intervene in these proceedings. None had a justiciable right which he could seek to enforce adverse to the liquidator's petition for leave to pay dividends to the legitimate creditors. By the express terms of section 136 of the Bank Act a claim is forever barred which has not been presented within four months after the first publication of notice. Appellants must concede

that the terms of the statute were not met either as to filing a claim or in filing a suit within six months after rejection of claim. Now the appellants here are not seeking recovery on a rejected claim—they have chosen a proceeding not authorized by the Bank Act, the effect of which is to prevent or delay distribution of the assets in which they can assert no triable interest.

It should be noted that, under section 136 of the Bank Act, if appellants' claims appear on the books of the corporation as valid claims they are entitled to share in the dividends notwithstanding a failure or delay in presentation. This right to share in dividends does not necessarily entail a right to intervene in these proceedings. The undisputed evidence is that appellants' claims do not appear on the books of the corporation as valid claims. Insofar as the interests here sought to be protected are concerned, appellants appear on the books of the corporation, when they appear at all, only as purchasers of yen certificates—a simple transaction of purchase and sale in which both parties got what they bargained for—a transaction which is not challenged on the ground of fraud, or any similar ground, and one which could not be attacked in this proceeding.

Appellants mistake the issue on their failure to file claims under section 136 of the Bank Act as presenting a question of the bar of the statute of limitations calling for a plea. This is not the effect of the statute. To the contrary it establishes a condition precedent operating as a prohibition against assertion of the right and pointing directly to the failure of the petition to state a cause of action. As such it is at one with those statutes calling for filing a claim against an estate in probate, a county, or other public agency. In cases involving those statutes it has been uniformly held that the pleading fails to state a cause of action unless it alleges presentation of a claim within the time fixed in the statute or a valid excuse for failure of presentation. *Hays* v. *Bank of America*, 71 Cal.App.2d 301, 304 [162 P.2d 679]; *Rhoda* v. *Alameda Co.*, 52 Cal. 350; 7 Cal.Jur. § 113, p. 549; 4 Cal. Jur. 10-Yr. Supp. § 113, p. 473; *Zuroff* v. *Westchester Trust Co.*, 273 N.Y. 200 [7 N.E.2d 100, 109 A.L.R. 1401], a case arising under a provision of the New York Bank Act similar to section 136.

(2) This presents the question whether a petition for leave to intervene may be denied when it appears that the

petitioners are not and cannot become interested parties in the pending litigation. The appellants contend that the right of a party to intervene is absolute "if he has an interest therein." *Elliott* v. *Superior Court*, 168 Cal. 727 [145 P. 101] and similar cases are cited in support of the argument, but they do not in truth support it. But the condition of "interest" is the criterion upon which the cases put the "right" of intervention. It would be a queer rule indeed that would require a court to permit anyone to delay and impede a legal proceeding when he has no possible chance of gaining by his intervention. Here it affirmatively appears from the allegations of the petition and the undisputed evidence taken at the hearing that the petitioners have no rights as claimants to delay distribution to those who are recognized as lawful creditors.

The premise upon which appellants rest their case is that intervention is "an absolute right," and it is true that some of the cases have used the expression inadvertently and loosely. But it is a false premise. The right is statutory and is controlled by the statute. Section 387, Code of Civil Procedure provides that a person "may" intervene, and that intervention takes place when a third person is "permitted" to become a party, and that the application for leave may be "filed by leave of the court." Now the fact that "leave" must be requested and that the court has power to grant or deny the request negatives all conception of an "absolute right." Since the court has the power to grant or deny, and since no other procedure is presented, we cannot say that the court here was in error when it gave the parties a hearing to determine whether the petition had merit. If the leave had been denied arbitrarily, we can see where appellants might present a case of abuse of discretion. But here the record shows the contrary. On the hearing it developed that appellants had no justiciable interest in the litigation and that their intervention would have served no end except to delay the distribution of the funds to those who were legally entitled to a prompt distribution.

▮ (3) For another reason the trial court properly denied leave to intervene. Notice to creditors was given June 1, 1945. These petitioners were charged with knowledge that this would be followed by the liquidator's request for leave to make distribution. The petition for leave to intervene was not filed until August 4, 1947, one day prior to the hearing of the liquidator's application. ▮ It is settled that any unreason-

able delay in filing a petition for leave to intervene is a sufficient ground for a denial of the petition. *Allen* v. *California Water & Tel. Co.,* 31 Cal.2d 104 [187 P.2d 393] and cases cited. And see 20 California Jurisprudence, pages 518, 520; and the early case of *Hocker* v. *Kelley,* 14 Cal. 164, where the Supreme Court expressly denied appellants' theory that intervention was "an absolute right."

We should not be understood as holding that appellants have no cause of action against the home bank or against either of its branches located in this state. That question does not arise in this litigation and we do not decide it. Here the sole question is whether appellants have the right to delay distribution to the qualified creditors while their independent claims for relief are being litigated.

The controlling issue is the power of the superior court to deny a petition for leave to intervene when it appears that the petition if granted would delay the main proceeding and also that the petitioner could not under any circumstances become a proper party to the proceeding. On this issue appellants argue that the court erred in taking evidence which supported his order denying the petition. █ We are satisfied that a reasonable and liberal interpretation of section 387 of the Code of Civil Procedure permits the superior court to examine into the petition to determine whether the petitioner is one entitled to intervene under the statute and whether there has been unreasonable delay in making the application. The question whether the petitioner "has an interest in the matter in litigation" is a question of fact which must be determined by the court before "leave" to file is granted. The statute does not require that leave to file must be granted on the face of the petition alone. If the court can act more intelligently by giving the parties a hearing, we know of no authority which prevents such procedure.

█ On the question of delay that too is a question of fact. Here the superior court took evidence without objection of the petitioners. On that evidence it found that petitioners have been guilty of unreasonable delay and laches in asserting their claims, causing prejudice to the liquidator and creditors of the California offices. On the issue of laches the appeal is controlled by *Allen* v. *California Water & Tel. Co.,* *supra,* 31 Cal.2d 104, 108 [187 P.2d 393], where the court said: "Aside from the statutory limitation upon the time of intervention, it is the general rule that a right to intervene

should be asserted within a reasonable time and that the intervener must not be guilty of an unreasonable delay after knowledge of the suit. (*Hibernia etc. Society* v. *Churchill,* 128 Cal. 633, 636 [61 P. 278, 79 Am.St.Rep. 73]; *Mack* v. *Eummelen,* 31 Cal.App. 506 [106 P. 1096]; 20 Cal.Jur. pp. 520-522, § 25; 39 Am.Jur. pp. 943, 945, §§ 71, 72; 127 A.L.R. 668, 672.)'' See *Willett* v. *Jordan,* 1 Cal.2d 461, 465 [35 P.2d 1025]; 39 Am.Jur. pp. 944, 945.

Since the evidence here supports the finding of the superior court that the petitioners were guilty of unreasonable delay and that their intervention would seriously prejudice the distribution proceedings we find that there was no error in the order denying their petition. Other questions do not require further consideration.

■ Appellants are not parties to the order granting the liquidator leave to pay dividends and cannot appeal therefrom. *Braun* v. *Brown,* 13 Cal.2d 130, 133 [87 P.2d 1009]; 20 Cal.Jur. 529.

The appeal from the order for distribution is dismissed. The order denying leave to intervene is affirmed.

Goodell, J., and Dooling, J., concurred.