**Roy SPENCER, Petitioner,**

v.

**Otto C. BARBY, Judge of the County Court of Beaver County, Oklahoma, and C. R. Board, Judge of the District Court of Beaver County, Oklahoma, Respondents.**

No. 37332.

Supreme Court of Oklahoma.

Sept. 25, 1956.

Melville F. Boddie, Oklahoma City, for petitioner.

Keith Drum, Beaver, for respondents.

HALLEY, Justice.

The facts in this case appear to be as follows: On the 17th of September, 1954, Roy Spencer filed an application in the County Court of Beaver County, Oklahoma, for a license to sell packaged beverages containing more than one-half of one per cent of alcohol by volume and not more than three and two-tenths per cent of alcohol by weight in accordance with the provisions of House Bill No. 254, enacted by the

regular session of the Twenty-first Legislature, 1947, of the State of Oklahoma, 37 O.S.1951 § 163.1 et seq. The sale of such beverage was to be in original packages only and the location of the business was to be about one-half mile from Gray, Oklahoma, which is about six miles North of the Texas Border to the South and eleven miles from Perryton, Texas. Attached to the application were six affidavits from reputable citizens of Harper County, Oklahoma, which adjoins Beaver County on the East, which affidavits certified that Roy Spencer was a man of good moral character. One of the affidavits was from the Sheriff of Harper County and another was from the pastor of the church to which applicant belonged. On the 27th of September, 1954, a hearing on the application was held before the County Judge of Beaver County. Protestants were present in court with counsel. There was no evidence offered detrimental to the applicant and nothing to indicate that he was not a man of good moral character. On October 4, 1954, the County Judge entered an order denying the application for county beverage permit.

The matter was properly appealed to the District Court of Beaver County where it was heard on the 28th day of April, 1955. Protestants as well as petitioner again appeared in person and by counsel. Witnesses were examined. Again there was no evidence offered that the applicant was not a man of good moral character. On February 14, 1956, the District Judge entered judgment denying the application for a retailer's permit to sell nonintoxicating beverages and gave as his reason that "The evidence of Roy Spencer was not sufficient, and neither was it convincing, to show this Court that he possessed good moral character."

There was no evidence offered at either hearing that showed that the applicant did not meet all statutory requirements for the issuance of a permit to him.

We held in Salaney v. Ferris, 201 Okl. 236, 204 P.2d 270, which was a case in which the question of the issuance of a beverage license was being considered, that where a court, or the judge thereof, acts outside and beyond the jurisdiction conferred upon him by law and there was no provision in the special act under which he proceeds for the correction of this erroneous assumption of jurisdiction by appeal, certiorari was the proper remedy to bring the record of those proceedings to this Court for review.

There was no evidence of any nature that the applicant in the case at bar had anything but a good moral character. When the Statute, Title 37 O.S.1951 § 163.-11 provided that the applicant must satisfy the county judge that he was a person of good moral character it did not grant the privilege to the judge to deny a permit when no evidence was offered showing that the applicant did not possess a good moral character. It is not the prerogative of either the county or district courts to deny a permit in cases of this kind simply because they personally do not approve of the applicant. There must be some evidence of the lack of good moral character to justify such action by the courts. We think the rule adopted in Smith v. Board of Police Com'rs of City of Los Angeles, 1 Cal.App. 2d 292, 36 P.2d 670, 671, is the proper one and we apply it to this case. It is as follows:

"* * * When the board has power to act only upon given facts, and there is no evidence whatever to show the existence of those facts, a finding that they do exist cannot foreclose inquiry by a court under a writ of certiorari. *Where the evidence is all one way and the finding is to the contrary, the question becomes one of law, reviewable in such a proceeding, and a decision of the inferior tribunal without any evidence to support its finding cannot be upheld.* Great Western Power Co. v. Pillsbury, 170 Cal. 180, 149 P. 35." (Emphasis ours.)

The judgment of the district court is vacated and the judgment of the county

court is reversed with directions to issue the permit.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, DAVISON, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

CORN, J., dissents.